## METROPOLITAN–EDISON CO. v. ICKES, Administrator of Federal Emergency Administration of Public Works.*

## TENNESSEE ELECTRIC POWER CO. v. SAME.

## KENTUCKY–TENNESSEE LIGHT & POWER CO. v. SAME (two cases).

### Nos. 61550, 61113, 60145, 63136.

District Court of the United States for the District of Columbia.

March 8, 1938.

Moultrie Hitt, G. Kibby Munson, J. Bruce Kremer, and Herbert M. Bingham, all of Washington, D. C. (Travis, Brownback & Paxson, of New York City, of counsel), for plaintiff Kentucky-Tennessee Light & Power Co.

Charles C. Trabue, of Nashville, Tenn., Howard C. Westwood, of Washington, D. C., and L. N. Spears, of Chattanooga, Tenn. (Covington, Burling, Rublee, Acheson & Shorb, of Washington, D. C., of counsel), for plaintiff Tennessee Electric Power Co.

J. Bruce Kremer and Herbert M. Bingham, both of Washington, D. C., for plaintiff Metropolitan Edison Co.

James W. Morris, Asst. Atty. Gen., Paul Freund, Sp. Asst. to Atty. Gen., and Enoch E. Ellison, Atty., Department of Justice, and Carl F. Farbach, Gen. Counsel, both of Washington, D. C., Robert E. Sher, and Joseph B. Hobbs, Counsel for Federal Emergency Administration of Public Works, both of Washington, D. C., for defendants.

Before MILLER, Associate Justice, United States Court of Appeals for the District of Columbia, and WHEAT, Chief Justice, and GORDON, Justice, District

*Decree affirmed 58 S.Ct. 947, 82 L.Ed. ——.

Court of the United States for the District of Columbia.[1]

PER CURIAM.

These cases are before the court upon motions made by government counsel to dissolve preliminary injunctions entered upon consent restraining the officials of PWA and the Treasury from advancing funds for the purpose of financing the construction of power projects. These motions to dissolve the injunctions are based upon the claim that the decision by the Supreme Court on January 3, 1938, in Alabama Power Company v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 303, 82 L.Ed. ——, was decisive of the questions involved in these cases, and that the temporary injunctions were consented to in the belief that decision in the Alabama Power Case would end the litigation. A large number of cases were brought, in which temporary injunctions were entered upon consent, and following the decision of the Supreme Court in the Alabama Power Case all of the cases have been discontinued except these four.

The motions originally were made before Mr. Justice Bailey, who, after careful consideration, reached the conclusion that they should be heard before a three-judge statutory court. All counsel acquiesced in this ruling. Accordingly this court was convened and the motions were heard by it.

When the temporary injunctions were granted in these cases, it was the general understanding of the parties that the final decision in the Alabama Power Case would be decisive of all the litigation, and the injunctions were granted on that understanding. The plaintiffs apparently have made no effort to bring their cases on for trial upon any claim that there was a difference between them and the Alabama Power Case —although they assert a difference for the purpose of opposing the present motions to dissolve.

That difference, they contend, is that while the competition which the Alabama Power Company anticipated was legal competition, the competition to which these plaintiffs will be subjected is illegal because in each case the municipality is without right to distribute electricity in competition with plaintiffs.

In none of the cases are the plaintiffs entitled to injunctive relief, upon the theory thus advanced, because the competition which they fear must come from the respective municipalities and not from the defendant. It is not contended that the defendant is proposing to become a competitor or that he will have any right, title, or interest in the proposed plants when completed, or anything to do with operating them. Consequently, he is not a proper party for the purposes of the suits. Arkansas-Missouri Power Co. v. City of Kennett, 8 Cir., 78 F.2d 911. Moreover, under plaintiffs' theory the municipalities are indispensable parties and, not having been made parties and given an opportunity to be heard, the injunctions cannot be allowed to stand. Balter v. Ickes, 67 App.D.C. 112, 89 F.2d 856.

Moreover, in none of the cases does it appear that the anticipated competition will be illegal.

*Metropolitan-Edison Company case, No. 61550:*

This case was submitted to us without argument and no reason has been presented why the preliminary injunction should not be dissolved. Accordingly it is so ordered.

*Tennessee Electric Power Company case, No. 61113:*

In this case the lawfulness of the competition and the validity of the proposed bond issue by the city of Chattanooga has been upheld by the Supreme Court of Tennessee in the case of the Tennessee Electric Power Co. v. City of Chattanooga, 114 S.W. 2d 441, pronounced by the court at its December term, 1936.

It is claimed that a further point of difference exists in this case, i. e., that the plaintiff has a franchise from the federal government in addition to that from the state of Tennessee, but that claim does not differentiate the case from the Alabama Power Case. In the latter case, also, there was a franchise from the federal government in addition to that from the state.

*Kentucky-Tennessee Light & Power Company case, No. 60145:*

In this case the plaintiff claims to have a contract with the city of Paris, Tenn., and it is claimed that competition by the city will violate that contract and, furthermore, that the city of Paris lacks authority to issue bonds and compete with the

---

[1] Act of August 24, 1937, c. 754, 50 Stat. 751, § 3, 28 U.S.C.A. § 380a.

plaintiff. The plaintiff in this case moved to amend its bill. This motion was taken under advisement and is now granted. The amendments are intended to establish that plaintiff has a legally protected right to freedom from the competition of the municipalities in question and, therefore, that the suit is not governed by the decision in the Alabama Power Case. It does not appear, however, that the plaintiff has an exclusive franchise and we think that its claim that the city has no right to compete is without merit. As to the claim that the city of Paris has no right under the state law to accept the grant from the federal authority, it would seem that that question is one of state law which the courts of Tennessee should decide. It also appears that suits have been brought in the state court of Tennessee and that in the case involving the city of Paris the chancery court has entered a final decree sustaining the city's demurrer to the bill.

*Kentucky-Tennessee Light & Power Company case, No. 63136:*

What has been said in respect to No. 60145 (Paris) also applies to this case, except that this case involves the city of Newbern, Tenn., and that the plaintiff acquired its Newbern plant by purchase from the city itself.

In the Alabama Power Case the court said: "In short, the case for petitioner comes down to the contention that consummation of the loan-and-grant agreements should be enjoined on the sole and detached ground that the administrator lacks constitutional and statutory authority to make them, and that the resulting moneys, which the municipalities have clear authority to take, will be used by the municipalities in lawful, albeit destructive competition with petitioner."

In the Duke Power Company Case, Duke Power Co. v. Greenwood County, 58 S.Ct. 306, 307, 82 L.Ed. ——, decided at the same time as the Alabama Power Case, the court said: "The court below, upon appeal, considered the case fully, and delivered an exhaustive opinion. It held (1) that the statute, under which the administrator proposed to act, was constitutional; (2) that he acted within the power granted him by the statute; and (3) that in any event no legal right of plaintiffs was violated by what had been done. 4 Cir., 91 F.2d 665; see, also, preceding decision, 4 Cir., 81 F.2d 986."

Considering the history of this litigation and the decisions of the courts, we think it would be an abuse of discretion to continue the temporary injunctions in force.

It is therefore ordered that the motions be granted and the injunctions dissolved in all of the cases.