## DUKE POWER CO. ET AL. *v.* GREENWOOD COUNTY ET AL.

No. 397. Argued December 7, 8, 1937.—Decided January 3, 1938.

*Mr. W. S. O'B. Robinson, Jr.,* with whom *Messrs. Newton D. Baker, R. T. Jackson, W. R. Perkins, H. J. Haynsworth, J. H. Marion* and *W. B. McGuire, Jr.* were on the brief, for petitioners.

486

488

Mr. W. H. Nicholson, with whom Messrs. James F. Dreher and D. W. Robinson, Jr. were on the brief, for Greenwood County and its Finance Board, respondents.

Mr. Jerome N. Frank, with whom Attorney General Cummings, Solicitor General Reed, Assistant Attorney General Morris, and Messrs. Enoch E. Ellison and Robert E. Sher were on the brief, for respondents Administrator et al.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This case presents the same question as that just decided in Nos. 84 and 85, *ante,* p. 464. The respondents are essentially the same, with the addition of Greenwood County, in the State of South Carolina, and the members of the finance board of the county. The suit was brought to enjoin the construction and operation of a local electric power plant in the county, and the making of a loan and grant by the federal administrator to the county, for that purpose, under the provisions of Title II of the National Industrial Recovery Act, set forth, so far as material, in Nos. 84–85, *supra.*

The case was here on a previous writ, upon consideration of which this court, because of substantial irregularities in practice, reversed the judgment of the court below with directions to vacate the decrees entered by the district court, and remand the cause to that court with directions to permit the parties to amend their pleadings in the light of existing facts, and retry the cause upon the issues then presented. We expressed no opinion upon the merits or the relevancy or effect of the evidence. 299 U. S. 259. Accordingly, the case was remanded to

the district court, and reheard. The district court, after making findings of fact and conclusions of law, dismissed the bill. The court below, upon appeal, considered the case fully, and delivered an exhaustive opinion. It held (1) that the statute, under which the administrator proposed to act, was constitutional; (2) that he acted within the power granted him by the statute; and (3) that in any event no legal right of plaintiffs was violated by what had been done. 91 F. (2d) 665; see also preceding decision, 81 F. (2d) 986.

Upon the question of petitioners' standing to maintain the suit, the lower court held, in substance, that the competition proposed by the county was lawful and that even though the administrator were without authority to make the proposed loan and grant, no legal right of petitioners was thereby invaded. The opinion upon this branch of the case is in harmony with the views we have just expressed in Nos. 84 and 85; and it follows that the decree must be, and it is,

*Affirmed.*

Mr. Justice Black concurs in the result.