## WASHINGTON WATER POWER CO. v. CITY OF COEUR D'ALENE et al.

No. 1268.

District Court, D. Idaho, N. D.

Sept. 6, 1938.

See, also, 9 F.Supp. 263.

John P. Gray, of Coeur d'Alene, Idaho, for plaintiff.

James W. Morris, Asst. Atty. Gen., John A. Carver, U. S. Dist. Atty., of Boise, Idaho, and Enoch E. Ellison, Atty., Department of Justice, and Joseph B. Hobbs, Atty., Federal Emergency Administration, both of Washington, D. C., for petitioners.

CAVANAH, District Judge.

The City of Couer d'Alene and Harold L. Ickes, defendants, present their petitions for the modification of a final decree of the United States District Court of the District of Idaho, entered on September 9, 1935, and make applications to request the Senior Circuit Judge of this Circuit to designate two other Judges to participate in the determination of the petitions pursuant to the provisions of the Act of August 24, 1937.

It appears that the petitions and requests for the assembling of the three Judge Court were first presented to Judge Healy, one of the Circuit Judges, who on August 22, 1938, requested the Senior Judge to designate two other Judges with him to hear the petitions, and the conclusion reached by the Senior Judge was that the hearing of the petitions was not for a three Judge Court, but for the District Court who entered the final decree. The determination of the requests for the assembling of the three Judge Court pursuant to the Act referred to requires a recital of the history of the case and the proceedings had.

On November 24, 1934, a Bill in Equity was filed to restrain defendant City and its officers from pledging, selling or delivering bonds of the City which were purported to be authorized by the ordinance of the City and from applying any moneys of the Federal Emergency Administration of Public Works or entering into a contract for the building of any municipal electric and distribution system, and from selling such bonds until the defendants have provided for an annual tax in addition to all other taxes and sufficient to pay the bonds as required by the Constitution of the State and that the defendants be enjoined from proceeding with or making effective any act in connection with the construction of any such plant, which was heard and after considerable testimony taken, submitted to the Court, who made findings and entered a final decree restraining the defendants as prayed for.

The issues involved and the conclusions there reached by the Court presented questions other than whether the Act of Congress authorized the Federal Administrator of Public Works to act. Thereafter an appeal was taken to the Circuit Court of Appeals by the defendants and the defendant Ickes there moved to remand the cause to the District Court and based the motion upon a new proposed contract with the City different than the original one submitted to the District Court and the Circuit Court of Appeals as appears from its mandate, dismissed the appeal on April 16, 1936, 9 Cir., 82 F.2d 1003, and no further proceedings were taken. So we have here now, on the requests presented, the questions, first, does the Act of Congress of August 24, 1937 apply to the present proceedings authorizing the assembling of a three Judge Court, and second, if not, is a modification of a permanent injunction contained in a final decree, inherent in the Court which granted it, who may in the ends of justice, where the circumstances and situation of the parties are shown to have changed, and complying with the Constitution and laws in existence at the time such modification is made, as to make it just and equitable to do so?

As to the first question, does the Act of Congress of August 24, 1937, 28 U. S.C.A. § 380a, require that the instant petitions to modify an existing permanent injunction heretofore issued be heard by a court of three Judges? The provisions of the Act relative to this inquiry are: "No interlocutory or permanent injunction suspending or restraining the enforcement, operation, or execution of, or setting aside, in whole or in part, any Act of Congress upon the ground that such Act or any part thereof is repugnant to the Constitution of the United States shall be issued or granted by any district court of the United States, or by any judge thereof, or by any circuit judge acting as district judge, unless the application for the same shall be presented to a circuit or district judge, and shall be heard and determined by three judges, of whom at least one shall be a circuit judge." It is clear that the aim of the Act was to require that three Judges shall determine the issuance of interlocutory or permanent injunctions suspending the enforcement of an Act of Congress upon the ground that such Act is repugnant to the Constitution of the United States and relates to the issuance or granting of such injunction in the first instance, and not to a permanent injunction already issued by final decree, as the Act expressly states that "no interlocutory or permanent injunction * * * shall be issued or granted * * *" and does not refer to where a permanent injunction issued by final decree entered some three years ago. If Congress intended to require a Court of Three Judges to hear and determine a permanent injunction issued prior to the adoption of the Act of Congress and a case in which it was so issued was brought to a close and a final decree entered, it no doubt would have said so by embodying it in the Act. We cannot overlook the express wording of the Act, which confines the determination of an injunction to the issuance and granting of an injunction and not to permanent injunctions issued by final decree entered prior to the enactment of the Act. This interpretation of the Act seems too clear to leave any doubt as to its correctness. The petitions for a modification of the final decree do not ask for the issuance of an interlocutory or permanent injunction suspending or restraining the enforcement, operation or execution of, or setting aside in whole or part, any Act of Congress upon the ground that such Act or any part thereof is repugnant to the Constitution of the United States, and therefore, are not within the provisions of the Act of August 24, 1937.

The petitioners insist however, that the case of Tennessee Electric Power Company v. Ickes et al., 22 F.Supp. 639, decided by the District Court for the District of Columbia and which went to the Supreme Court, 58 S.Ct. 947, 82 L.Ed. ——, requires that a Court of three Judges be assembled to now hear and determine a modification of a permanent injunction issued in the instant case. A difference clearly exists as between that case and the instant case, for the opinion of the Court in the Tennessee Case states that that was a case on motion to dissolve preliminary injunctions issued upon consent of counsel, in the belief that the decision to be rendered in the Alabama Power Case, Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374, would end the litigation. The case was still pending before the single Judge upon temporary injunction and there was yet to be determined whether a permanent injunction would be thereafter issued, and that being the status of the record, the single Judge, upon application, properly called for the assembling of a Court of three Judges to finally determine whether a temporary injunction should be dissolved as the case was not closed. The issuance of a permanent injunction was still pending before the single Judge and a determination of it called for a determination as to whether a temporary injunction should continue.

Again the case of Stratton v. St. Louis. S. W. Ry. Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, relied upon, is distinguishable from the instant case, for there a temporary injunction was issued by the District Judge restraining the enforcement of a state statute, and who thereafter dismissed the Bill. The question presented was whether under Title 28 U.S.C.A. § 380 the single Judge who issued the temporary restraining Order should have, upon application for an interlocutory injunction, requested that a three Judge Court be convened and the case heard upon its merits. There the issuance of an interlocutory decree was involved and not the determination or modifying of a permanent injunction issued by final decree and the case closed.

Apparently differences exist under the Act we are considering as between the modification of an interlocutory injunction issued while the case was pending and where a permanent injunction embodied in

a final decree entered years before, which are not to be ignored. But however the interpretation of the Act thus given may be, it appears further that the Act would not apply as the validity of an Act of Congress no longer remains a question in the case since the decisions of the Supreme Court in the case of Alabama Power Company v. Ickes, Federal Administrator of Public Works, et al., 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374, and Duke Power Company et al. v. Greenwood County, 302 U.S. 485, 58 S. Ct. 306, 82 L.Ed. 381, where the Court held that even though the administrator was without authority to make the proposed loan and grant, yet a Company operating under a non-exclusive franchise had no standing to question the validity of the statute authorizing the loan and grant under the Federal Constitution. No question of the validity of an Act of Congress under the Constitution of the United States is now involved as it has been removed from the case by the recent decisions of the Supreme Court. So we have remaining only the questions to be determined on the petitions for a modification of a permanent injunction that do not involve or call for the determination of the validity of the Act of Congress. The petitions for a modification of the permanent injunction call for consideration of the proposed new grant agreement which will not, since the late decisions of the Supreme Court referred to, call in question the validity of an Act of Congress in order to bring the petitions under the Act of August 24, 1937, relied upon by petitions for the assembling of a Court of three Judges.

We must keep in mind the further thought, that the facts in the Alabama Power Company Case are different in some respects to those in the instant case as to whether the plaintiff has sustained a legal wrong entitling it to maintain the action, and question of a local character, which do not now involve the constitutionality of the Act of Congress but its application.

■ If this analysis of the Act of August 24, 1937, when applied to the record in the present case, be correct and sound, it carries with it the conclusion that a determination of the petitions for a modification of a permanent injunction comes under the established rule that a modification of a final decree containing a preventive injunction is inherent in the Court which granted it and may be made where the law has changed or where there is a change in the

situation of the parties and complying with the Constitution and laws in existence at the time the modification is made as to meet the ends of justice. United States v. Swift & Co., 286 U.S. 106-114, 52 S.Ct. 460-462, 76 L.Ed. 999, and Ladner v. Siegel, 298 Pa. 487, 148 A. 699.

In view of the conclusions reached, the applications for request for designation of three Judge Court will have to be denied.