DUKE POWER CO. et al. v. GREENWOOD COUNTY et al.

Ex parte GREENWOOD COUNTY.

No. 451.

District Court, W. D. South Carolina.

Jan. 11, 1939.

W. H. Nicholson and R. F. Davis, both of Greenwood, S. C., and D. W. Robinson, Jr., of Columbia, S. C., for petitioner.

W. S. O'B. Robinson, Jr., and W. B. McGuire, Jr., both of Charlotte, N. C., and H. J. Haynsworth, of Greenville, S. C., for plaintiffs.

John W. Scott, Sp. Asst. Atty. Gen., and Wm. J. Dempsey, of Washington, D. C., for Harold L. Ickes.

MYERS, District Judge.

Following the order herein of December 5, 1938, D.C., 25 F.Supp. 419, dismissing the petition of Greenwood County for restitution of alleged profits accruing to plaintiff, Duke Power Company, during the delay in construction of the Buzzard's Roost Project, petitioner filed notice of motion for leave to amend the petition, which motion has been duly heard.

The proposed amendment relates to the allegations of the original petition that the delay in construction, resulting in unjust enrichment of the Power Company which the County seeks to have ascertained and have awarded to it by way of restitution, was due to the prosecution of this suit by the plaintiffs, which allegation the proposed amended petition seeks to eliminate and to rest its asserted right upon the averments of the amended petition that the delay was caused by erroneous, wrongful, improper and illegal restraining orders and injunctions obtained by plaintiffs during the progress of the cause.

The motion to amend is based upon Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, providing for amendment by leave of the court, which "leave shall be freely given when justice so requires", citing Earhart v. Valerius, D.C., 25 F.Supp. 754 (Dec. 1, 1938) in which Judge Reeves of the Western District of Missouri granted amendment after dismissal of the original complaint.

I am very doubtful that "justice requires" the granting of the amendment here sought. We have no question of evidence to consider as in the Earhart Case.

"The original petition was dismissed because an appended exhibit disproved an averment of the petition in the statement of plaintiff's cause of action. The plaintiff, in challenging the validity of a mortgage, said that it was not recorded as required by a statute in the State of Missouri (Mo.St.Ann. § 3097, p. 1919), in the county where the mortgagor resided. The attached exhibit showed that the mortgagor resided in the county where the mortgage was recorded.

"The plaintiff has filed an amended petition by leave of court wherein it is averred that the recital in the mortgage as to the residence of the mortgagor was either fraudulently made or mistakenly made, and that in truth and in fact the

mortgagor's residence was not in the county where the mortgage was recorded. It seems proper that plaintiff should be permitted thus to amend his petition."

The order of dismissal here in no way stresses the admissions of the original petition in the particulars sought to be eliminated. There would and could be no change in the showing made should the amendment be granted. The order of dismissal considers the court's view of the cause of delay and rests, not upon admissions, but upon a finding that delay was incidental to the pendency of the suit and the importance of a determination of the question raised as stressed in the views and final opinion of the Supreme Court. 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. 178; 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381.

Frankly, petitioner's course indicates an argument that the purpose is to get before the Circuit Court of Appeals a full consideration of its amended position as to cause of delay without the handicap of the "admissions" of the original petition.

I have expressed the conviction that no such limitation of consideration would be made by the appeal court, with or without amendment. The question of harmful effect of suit when no tort is involved was discussed by this court in its order of dismissal, and presents for final determination a broader question than seems to have been conclusively settled; one which the appeal courts will undoubtedly entertain and make more effectively clear.

Therefore, it would seem admissible to permit the filing of the amended petition and leave no doubt of a final conclusion on the merits of the larger question.

It is ordered that the motion to amend be and is hereby granted.

Order Dismissing Amended Petition.

Order has been filed this day granting leave to file amended petition. The effect of the amendment is considered in said order, from which it will appear that further hearing on the amended petition would serve no useful purpose in view of the opinion of the court expressed in the order dismissing the original petition.

As the matter now stands, restitution is sought of profits accruing to plaintiff Duke Power Company during the period of delay in construction of the Buzzard's Roost Project, petitioner alleging that the delay was caused by erroneous, wrongful and improper and illegal stay orders and injunctions obtained by plaintiffs in the course of litigation.

While this court may have been wrong inferentially in failing to dismiss the action upon this showing of the complaint, having entered with all seriousness upon consideration of the asserted legal rights, all stay orders and injunctions were issued by the court in the exercise of its discretion, and the sound exercise of discretion, during the various stages of the litigation, was not questioned by final adjudication and dismissal of the bill for want of merit. In this, as in so many other cases in the recent history of administrative justice, the constitutional right was uncertain and indefinite under an Act of Congress finally upheld under the general welfare clause. That the result of construction of competing power plants was and would be injurious to established private enterprise was and still is unquestioned. Whether an invasion of plaintiff's established rights by unconstitutional use of public funds was considered throughout the progress of the cause a serious question—one that must be answered by the highest court—so important in the opinion of the high court that it refused a hearing on the original appeal because of imperfection in the record, and remanded the case for further proceedings, which would leave upon final consideration no doubt or uncertainty of its ultimate decision. 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. 178; 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381.

The profits accruing to Duke Power Company by reason of the alleged delay were, as this court has decided in dismissing the original petition, incidental to the suit. The intervention of the Works Progress Administrator and the subsequent remand at his instance by the Circuit Court of Appeals for consideration of the merits upon the basis of a new contract was an admission of merit in the original bill which is equally binding upon both the Administrator and Greenwood County as parties to both the original and amended contracts. The progress of the causes from then to final disposition and dismissal of the bill was equally at the instance of plaintiffs and the Administrator. The record indicates that the orders of court complained of were orderly and sound without disclosing the extent to which they were resisted. The terms of the injunction of

February 1, 1937, requiring bond, under which special damages were sought and heretofore denied, made provision for payment of funds to the County for legal, engineering and administrative expenses, and for the purchase of lands necessary to the forwarding of the project. This would indicate full consideration by the court, in granting the injunction at plaintiff's instance, of "the importance of the case and the issues involved therein", of the settled rule that in such circumstances the status quo should be preserved, and, at the same time, consideration for the views of the defendants, the County, and the Federal Administrator, of necessary advancement of the project reasonable and proper during the course of litigation, without which a resumption of the plan in event of decision in their favor would be harmful to the project in more costly reorganization and further delay.

It is ordered that the amended petition be and the same is hereby dismissed.