### SOUTHWESTERN GAS & ELECTRIC CO. v. CITY OF TEXARKANA, TEX., et al.

### No. 9067.

Circuit Court of Appeals, Fifth Circuit.

June 27, 1939.

Rehearing Denied July 14, 1939.

848

Richard L. Arnold, of Texarkana, Ark., and Jno. J. King, of Texarkana, Tex., for appellant.

Ed B. Levee, Jr., of Texarkana, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree dissolving a temporary injunction and dismissing a bill brought against the City of Texarkana, Texas, the executive officers, and the members of the Board of Aldermen. Appellant alleged an illegal intent and design to negotiate a contract with the Federal Emergency Administration of Public Works to build a municipal power and light plant with funds to be furnished by the Federal Government; that the intention of the City was to duplicate the existing plant and facilities owned by appellant, and to compete with it in the business of furnishing electricity in said city. Appellant does not question the power of the Federal Government to make the contract and loan, but relies upon the proposition that the City is acting illegally in that it is attempting to bargain away a portion of its governmental authority in order to procure the means to erect said plant; and that the proposed completion thereof would be wrongful as to appellant, having been brought about by illegal means.

Owning and operating a distribution system in the City of Texarkana, Texas, appellant holds a non-exclusive franchise to carry on its business in said city, which franchise has approximately sixteen years to run. The City first applied for a loan and grant from the Public Works Administration on August 12, 1935, the application being authorized by a resolution of the City Council. On October 16, 1935, appellant brought this suit praying a permanent injunction against the prosecution of the application and the building of the proposed system. Thereafter, a hearing was had on a motion for a temporary injunction. On this proceeding, a preliminary injunction was granted whereby appellees were left free to pursue their application to the point of actually making the contract.

The offer and acceptance having been completed, subject to the preliminary injunction, the matter came on for final hearing. Appellant contended that the terms and conditions to be incorporated in the proposed contract constituted a delegation of the legislative functions of the City to the Public Works Administration, in that they provided that the City should obligate itself to adopt proper legal proceedings fixing rates to be charged, leaving the Public Works Administration, or the purchaser of the bonds, as the final arbiter of what proceedings and rates were proper; that final determination as to plans, specifications, and the purposes for which the money was to be spent was left to the Administrator; or his agents; that the Administrator was given the option to purchase all, any, or none of the bonds and to withhold payment of the purchase price under certain conditions; that the City surrendered its power and authority to alter and change the plans and program without first procuring the

acquiescence of the Administrator; that the City agreed to impose terms as to union labor, hours of labor, working conditions, and age of employees upon the contractors, which were not required by Texas law but were within the discretion of the City government, and that these conditions would increase the cost of the system; and, further, that all contractors were required to furnish reports, estimates, and other data to the Administrator which would materially increase the cost of the work; all of which appellant contended was contrary to the law of the State of Texas and beyond the lawful authority of the City to keep and perform. Appellant further contended that the City had failed to comply with a condition contained in the offer that the Government would be under no obligation to advance any funds unless and until the Public Works Administrator was satisfied that the City had been unable, after reasonable efforts made in good faith, to acquire the property of appellant with which the municipal system would compete; that this provision was in the nature of a covenant for its benefit; and that appellant acquired a right thereby to insist on its enforcement.

Appellees contested all of the foregoing propositions, and alleged that appellant had no standing in court to challenge the legality of the proposed contract or to urge those vices therein as grounds for injunctive relief. We find it necessary to consider only the last point to dispose of the case.

It will be noticed that none of the matters complained of constitute an invasion of the rights of appellant. It is not contended that there is either tort or breach of contract as to it. Neither do any of the alleged illegal acts give rise to any right or breach of legal duty which would support a remedy in favor of appellant. Considered separately or together, they do not take away appellants property or inflict any damage upon it. The damage which appellant anticipates, and which it seeks to avoid, is the completion of the municipally owned and operated plant. Not having an exclusive franchise, it has no standing in court to complain that the contemplated competition will impair or destroy the value of its investment. Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. —; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; Arkansas Louisiana Gas Co. v. City of Texarkana, 5

Cir., 100 F.2d 652; Carolina Power and Light Co. v. South Carolina Public Service Administration, 4 Cir., 94 F.2d 520; Duke Power Co. v. Greenwood Co., 4 Cir., 91 F.2d 665, affirmed, 302 U.S. 485, 58 S. Ct. 306, 82 L.Ed. 381.

The provision that no obligation would be assumed by the Government unless the Administrator was satisfied that the City had been unable to acquire appellant's property, after reasonable efforts made in good faith, is not a covenant in a contract, but a condition contained in an offer. No rights vested under it, and no one became bound by its provisions. Obviously, if the City elected to reject the offer, it would not be bound by the condition. If the condition was not performed, the Administrator could waive it or make a new offer. It was no part of the contemplated integration of the agreement between the parties, but was a condition which could be performed, modified, or waived before the contract was made.

There being no reversible error in the holding of the district court, its judgment is affirmed.