**NOCE, U. S. District Engineer, v. EDWARD E. MORGAN CO., Inc.**

No. 11535.

Circuit Court of Appeals, Eighth Circuit.

Oct. 7, 1939.

Maurice W. Hibschman, Atty., Department of Justice, of Washington, D. C., and Leon B. Catlett, Asst. U. S. Atty., of Little Rock, Ark. (Sam Rorex, U. S. Atty., and Gordon Frierson, Asst. U. S. Atty., both of Little Rock, Ark., on the brief), for appellant.

William M. Hall, of Memphis, Tenn. (Charles A. Walls, of Lonoke, Ark., and William G. Hall, of Memphis, Tenn., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a decree permanently enjoining the appellant (defendant), a District Engineer and contracting officer of the United States, (1) from making any charge against the appellee (plaintiff), a Mississippi corporation, (the business of which is mainly doing levee work for the United States under contract) and its surety, upon the theory that the plaintiff had defaulted upon its bid for doing certain levee work; (2) from entering into a contract for the doing of such work with Haralson & Cunningham and G. & P., Inc., of Houston, Texas (hereinafter called Haralson Company); and (3) from entering into a contract with any bidder other than the plaintiff, except upon a rejection of all bids and a readvertising and reletting.

The facts are not in dispute. The defendant in the fall of 1938 advertised for bids for the doing of three items of levee work within his District. The plaintiff, the Haralson Company, and others submitted bids. The plaintiff's bid contained an unconditional proposal to do each of the items at a certain figure. The aggregate figure for the three items was $136,000.[1] The plaintiff also submitted a combination bid, which was conditional. Its proposal under its combination bid was to do all of the work for $108,000, but the bid, by its terms, was to be disregarded if the plaintiff was the low bidder on two of the separate items of work. The plaintiff was the low bidder under its uncondi-

---

[1] Since it is not necessary to use exact figures, we use round figures throughout this opinion.

tional bid upon the separate items and also under its combination bid. Haralson Company was the next low bidder under a bid proposing to do the entire work for $156,-000. Since the plaintiff was the low bidder upon each of the items of work, its conditional combination bid was, by the terms of the bid, to be disregarded, which left for acceptance only its unconditional bid for each of the items separately or in the aggregate. The defendant, however, did not disregard the combination bid, but treated it as an unconditional bid to do the work for $108,000. He thereupon notified the plaintiff of the acceptance of its combination bid, and tendered to it a form of contract which would have required it to do the work for that figure. The plaintiff refused to enter into such a contract and called attention to the condition of its proposal which required that its combination bid should be disregarded under the circumstances. The defendant thereupon awarded the contract to Haralson Company upon its bid for $156,000, and notified the plaintiff and the surety upon its bid bond to that effect and that they would be held responsible for $48,000, the difference between the plaintiff's bid of $108,000 and the Haralson Company bid of $156,-000. The defendant then sent a form of contract to Haralson Company, which that company signed and returned to the defendant, who would have executed it except for a restraining order issued in this suit.

It is the duty of the Secretary of War to apply the money appropriated by Congress for improvements of rivers and harbors, in carrying on the work, "by contract or otherwise, as may be most economical and advantageous to the Government." Section 622, Tit. 33, U.S.C., 33 U.S.C.A. § 622.

Contracts for the doing of river and harbor work are required to be made after public advertisement for proposals, in such manner and form as the Secretary of War shall prescribe, and to be made with the lowest responsible bidder. Section 623, Tit. 33, U.S.C., 33 U.S.C.A. § 623.

The Secretary of War is authorized to prescribe rules to be observed in the preparation, submission and opening of bids for contracts under the War Department. He may require bonds of bidders conditioned for the carrying out of their bids. "If after the acceptance of a bid and a notification thereof to the bidder he fails within the time prescribed by the Secretary of War or other duly authorized officer to enter into a contract and furnish a bond with good and sufficient security for the proper fulfillment of its terms, the Secretary or other authorized officer shall proceed to contract with some other person to furnish the supplies or perform the service required, and shall forthwith cause the difference between the amount specified by the bidder in default in the proposal and the amount for which he may have contracted with another party to furnish the supplies or perform the service for the whole period of the proposal to be charged up against the bidder and his guarantor or guarantors, and the sum may be immediately recovered by the United States for the use of the War Department in an action of debt against either or all of such persons." Section 218, Tit. 5, U.S.C., 5 U.S.C.A. § 218.

Prior to submitting its bid, the plaintiff had received from the defendant a standard form of instructions to bidders and a standard form of invitation for bids. The former reserved to the defendant the right "to reject any and all bids, or to waive informality in bids received, and to reject or accept any items of any bid." Neither the instructions to bidders nor the invitation for bids contained any notice to the plaintiff that if it submitted a bid with conditions which were objectionable to the defendant or which he might regard as not being in conformity with the instructions, he might ignore the conditions and accept the bid as an unconditional and unqualified bid.

This suit was brought to prevent the defendant from treating the plaintiff as a defaulting bidder and charging it with the difference between the amount of its conditional combination bid and the amount of the Haralson Company bid. Since the charge could only be made after the contract with the Haralson Company or some other bidder was entered into, the plaintiff sought to enjoin the defendant from making such contract.

Upon the trial the plaintiff introduced evidence tending to show that if the defendant succeeded in charging it with $48,-000 as being a bidder in default, its business would be injured; that the notice that such a charge would be made had affected its ability to procure bonds from the surety company which had furnished it with bonds in connection with its contracts with

the Government; that ninety per cent of the plaintiff's work was done under such contracts; that payments on other contracts would or might be withheld by the Government to apply against this charge; that in one instance, at least, a payment of $22,000 under one of such contracts had been withheld by the defendant and had been paid only after protest was made. There was no evidence that the failure of the defendant to award the contract to the plaintiff as the lowest responsible bidder had caused the plaintiff any loss or damage.

The defendant contends that the suit is, in effect, one against the United States, which is an indispensable party and has not consented to be sued; that the Secretary of War is an indispensable party; that the plaintiff is without standing to sue, and that it failed to make a case entitling it to injunctive relief.

We think there is no merit in any of these contentions in so far as the suit is one to prevent the defendant from making an unlawful charge against the plaintiff. Assuming that the conditions which the plaintiff attached to its combination bid were violative of the rules for and the instructions to bidders and for that reason the defendant had the right not only to reject, but to ignore, the plaintiff's entire proposal, there was nothing in the law or in the instructions or invitation furnished the plaintiff which gave to the defendant the right to disregard the conditions of the combination bid. The act of the defendant in ignoring the conditions imposed by the plaintiff and attempting to accept the combination bid as though it were unconditional, was the making of a counter offer which, we think, amounted to a rejection of the combination bid, and could not, in any event, have had the effect of putting the plaintiff in default or of forming the basis for any charge against the plaintiff on account of its failure to accept this counter proposal.

The defendant, in attempting to establish the basis for a charge against the plaintiff of the difference between the amount of its combination bid and the bid of the Haralson Company, was acting unlawfully and outside of any authority conferred upon him. A suit to enjoin the defendant from doing that which the law authorized him to do would be, in effect, a suit against the United States. A suit to enjoin him from doing a thing which was unlawful and unauthorized, would not be a suit against the United States, but a suit against the defendant as an individual, and it would be unnecessary to join any other party.

In W. A. Ross Construction Co. v. Yearsley, 8 Cir., 103 F.2d 589, 591, this Court said: "The rule is that an officer or agent of the United States may be sued where he has exceeded his authority or acted under an authority not validly conferred; and the exemption of the United States from liability for tort does not protect its officers or agents from personal liability to persons whose rights of property have been wrongfully invaded by them. Little v. Barreme, 2 Cranch 170, 178, 2 L.Ed. 243; United States v. Lee, 106 U.S. 196, 220, 221, 1 S.Ct. 240, 27 L.Ed. 171; Noble v. Union River Logging Railroad Co., 147 U.S. 165, 171, 172, 13 S.Ct. 271, 37 L.Ed. 123; Belknap v. Schild, 161 U.S. 10, 18, 16 S.Ct. 443, 40 L.Ed. 599; Tindal v. Wesley, 167 U.S. 204, 214, 215, 222, 223, 17 S.Ct. 770, 42 L.Ed. 137; Scranton v. Wheeler, 179 U.S. 141, 152, 21 S.Ct. 48, 45 L.Ed. 126; Philadelphia Co. v. Stimson, 223 U.S. 605, 619, 620, 32 S.Ct. 340, 56 L.Ed. 570; Goltra v. Weeks, 271 U.S. 536, 545, 46 S.Ct. 613, 70 L.Ed. 1074; Ickes v. Fox, 300 U.S. 82, 97, 57 S.Ct. 412, 81 L.Ed. 525."

In Ferris v. Wilbur, 27 F.2d 262, 264, Judge Parker, who delivered the opinion of the Circuit Court of Appeals of the Fourth Circuit, in considering whether a suit against the Secretary of the Navy and a naval officer was one against the United States, said: "Where the act complained of is not authorized by statute, or where the statute authorizing it is void because in conflict with some provision of the Constitution, the person attempting it may be restrained in a proper case, notwithstanding his claim that he is acting in his official capacity. In such case he is acting, not within the law, but outside it, his act is not the act of the government, and the law affords him no protection for what he is doing or is about to do. This is true, whether he be the head of a department or merely a subordinate acting under orders; and, if a subordinate, there is no necessity of joining as defendant the head of the department because the orders of the head are immaterial if the act sought to be enjoined is not authorized by law."

See, also, Appalachian Electric Power Co. v. Smith, 4 Cir., 67 F.2d 451, 454;

Duke Power Co. v. Greenwood County, 4 Cir., 91 F.2d 665, 675, affirmed 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381; American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 108–110, 23 S.Ct. 33, 47 L.Ed. 90.

█ The plaintiff had a direct and immediate interest in not having a $48,000 charge unlawfully placed against it by the defendant under the claim that it had defaulted upon its bid. It was therefore, we think, entitled to bring this suit to prevent such an unauthorized charge being made.

█ Our conclusion is that the court below was justified in enjoining the defendant from charging the plaintiff and its surety with the difference between the amount of the plaintiff's combination bid and the amount of the bid of the Haralson Company, to which the contract was ultimately awarded. The decree should have gone no further. The necessities of the plaintiff's case did not require that the defendant be enjoined from entering into a contract with Haralson Company after the bid of that company had been accepted, or from awarding the contract to another bidder. Whether the court could, under any circumstances, have enjoined the defendant from so doing, at the suit of the plaintiff, we need not decide. The purpose of the court below in prohibiting the defendant from making a contract with the Haralson Company or another was to prevent him from laying the foundation to support a baseless claim that the plaintiff was in default and was liable for the difference between the amount of its bid and the amount of the Haralson Company bid or that of any other bidder to whom the contract might be awarded. The decree, without that part of it which enjoins the defendant from making a contract with the Haralson Company or any other bidder, will prevent the defendant from ever using such contract as the basis for making the threatened charge against the plaintiff. The decree will, therefore, be modified by eliminating so much thereof as prevents the defendant from entering into the proposed contract with Haralson & Cunningham and G. & P., Inc., or with any other bidder.

As so modified, the decree will stand affirmed.