RIO GRANDE VALLEY GAS CO. v. CITY OF McALLEN et al.

No. 11435.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1945.

Rehearing Denied Jan. 11, 1946.

R. A. Hightower and Rufus G. Ransome, both of Brownsville, Tex., for appellant.

E. A. McDaniel, of McAllen, Tex., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The facts in this case are fully set out in the opinion of the lower Court. Since it is not reported, we quote it here:

"Plaintiff, Rio Grande Valley Gas Company, instituted this suit against the City of McAllen, its Mayor, City Commissioners, and others, alleging that plaintiff owns and operates a gas system in the City of McAllen, under franchise granted by said City, and that the defendant, City of Mc-Allen, now owns and operates a gas distribution system. It is further alleged that a bond issue for the purpose of constructing the municipally owned gas system has been issued in the sum of $125,000, and that such bond issue constitutes a cloud on plaintiff's easements, titles and franchise-contracts generally, and should be removed and cancelled. ·Plaintiff prays for damages, costs of suit, and relief generally. Plaintiff also contends that the purported bonds are void and asks that all clouds cast on plaintiff's franchise-contracts be removed.

"Defendants answer and say that plaintiff instituted suit in the 93rd District Court of Hidalgo County, Texas, against all of these defendants, wherein plaintiff claimed against defendants all of the matters and things set out in the instant case. A general demurrer was sustained to plaintiff's said petition, and upon plaintiff's refusal to amend, said cause was dismissed. That thereafter, plaintiff appealed said case to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, at San Antonio, and such Court of Civil Appeals affirmed the judgment of said District Court. [158 S.W.2d 122] Writ of error was denied by the Supreme Court of Texas. Defendants herein plead that all matters and things set out in plaintiff's complaint are res adjudicata, and further that the City of McAllen has the right, under the Constitution and laws of Texas, to construct and/or purchase and operate a gas system, and say that they had the legal right to issue the $125,000 bond issue, and deny that same is a cloud and fictitious lien on plaintiff's easements, titles and franchise-contracts.

"It is admitted that the franchise of plaintiff was not an exclusive one.

"It is perfectly plain that the authority of the City of McAllen to purchase or construct and maintain a municipal gas system, and to issue revenue bonds for such purposes, has been specifically and definitely judicially ascertained by the Appellate Courts of Texas in the case of Rio Grande Valley Gas Co. v. City of McAllen, Tex. Civ.App., 158 S.W.2d 122, 123, wherein it is said: 'Appellant first contends that the governing body of the City of McAllen is without authority to purchase or construct and maintain a municipal gas system or to issue revenue bonds for such purposes. We overrule this contention. Such authority is given to the governing body of the City of McAllen, it being a home rule city, by Article 1111, Vernon's Ann.Civ.Stats.; City of Dayton v. Allred, 123 Tex. 60, 68 S.W. 2d 172.'

"Writ of error was denied in this case by the Supreme Court of Texas.

"The United States Circuit Court, Fifth Circuit, passed upon a similar proposition of law in the case of Arkansas Louisiana Gas Co. v. City of Texarkana, Texas, 100 F.2d 652, in an opinion by Circuit Judge Hutcheson. In that case it was held that a gas company, similarly situated to the plaintiff herein, was without the legal right or justiciable interest to prevent the City of Texarkana from instituting the municipal system or issuing revenue bonds to pay therefor, even though the city in so doing would subject the gas company to competition. The defendant having a plain legal right to own and operate such gas system, plaintiff did not have any justiciable interest or right to question the means or methods employed by the City in acting as it did.

"To the same effect is another Fifth Circuit opinion in the case of Southwestern Gas & Electric Co. v. City of Texarkana, Texas, 104 F.2d 847, opinion by ·Circuit Judge Holmes. As authority for this latter opinion, the following cases are cited with approval: Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U. S. 118, 59 S.Ct. 366, 83 L.Ed. 543; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S. Ct. 300, 82 L.Ed. 374; Arkansas Louisiana Gas Co. v. City of Texarkana, 5 Cir., 100 F.2d 652; Carolina Power & Light Co. v. South Carolina Public Service Authority, 4 Cir., 94 F.2d 520; Duke Power Co. v. Greenwood County, 4 Cir., 91 F.2d 665, affirmed 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed.

381. Such opinion also holds that it is legally immaterial that the municipal system resulted in impairment of the value of plaintiff's investment.

"In view of the above clear-cut pronouncements on this subject, it is my opinion that:

"(1) That plaintiff, Rio Grande Valley Gas Company, has already had its alleged right definitely and authoritatively determined, and that the decision by the Texas Appellate Courts, supra, constitute res adjudicata of any such rights as plaintiff here asserts.

"(2) That plaintiff had no legal right to complain of the action of the City of McAllen, and others joined with it in this suit, in the purchase or construction or maintenance of a gas system in said city, or the issuance of revenue bonds in payment therefor, inasmuch as the City of McAllen had not given plaintiff an exclusive franchise, and was a 'Home Rule City.'

"It, therefore, follows that judgment should be and is hereby granted in favor of the defendants, and that plaintiff take nothing by this suit. All costs herein are adjudged against the plaintiff."

We approve the findings of fact and conclusions of law of the lower Court and see no occasion for adding anything further thereto.

The judgment is affirmed.