**HARPER v. JONES et al.**

No. 4332.

United States Court of Appeals
Tenth Circuit.

March 27, 1952.

William J. Holloway, Jr., Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., Edward H. Hickey, and Hubert H. Margolies, Attorneys, Department of Justice, Washington, D. C., John W. Tyree, Asst. U. S. Atty., Lawton, Okl., and Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., on the brief), for appellant.

Lawton Burton, Lawton, Okl. (Russell G. Jones and Allan D. Sasser, Lawton, Okl., on the brief), for appellees.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal by Major General A. M. Harper, Commanding Officer at Fort Sill, Oklahoma, from a judgment of the District Court for the Western District of Oklahoma, which enjoined him from enforcing an "off limits" order forbidding military personnel stationed at Fort Sill

to go upon the business and premises of of the plaintiffs, Jones and Haithcock. Plaintiffs were engaged in the used car business at Lawton, Oklahoma, and did a substantial automobile business with the military personnel stationed at Fort Sill. On November 18, 1950, plaintiffs sold to Lt. Richard D. Bacon of Fort Sill a 1950 Pontiac automobile. The purchase price of the car was $3055. It was sold on a conditional sales contract, and a down payment of $900 was made by a trade-in allowance on an old automobile for $500, and $400 in cash. About two weeks after the transaction, the Lieutenant discovered evidence which led him to believe that the automobile was not new. He attempted to rescind the transaction by returning the Pontiac and obtaining his old car and the cash which he had paid. Upon plaintiffs' refusal to do this, the Lieutenant referred the matter to the Legal Assistance Officer at the Fort. An investigation was made by staff officers who concluded that the automobile had been sold to the Lieutenant as new, that in fact it was a used car, and that the Lieutenant had been defrauded. After conferences with the plaintiffs, it was suggested that the plaintiffs accept a return of the Pontiac, keep the automobile which had been traded in, and pay the Lieutenant $1006. The plaintiffs were told that if this settlement was not made that the entire matter would be referred to the Commanding General with a recommendation that the plaintiffs' establishment be placed on the "off limits" list. Plaintiffs refused to comply and the matter was referred to the defendant for action by him. After due consideration, defendant, as Commanding Officer at Fort Sill, issued the "off limits" bulletin previously referred to.[1]

The trial court held that the issuance of the "off limits" order was beyond the scope of the power and authority granted the defendant by the regulation. The correctness of that conclusion is the question here.

■ The law is settled that if a federal officer does or attempts to do acts which are in excess of his authority or under authority not validly conferred, equity has jurisdiction to restrain him. Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927; Philadelphia Co. v. Stimson, 223 U. S. 605, 620, 32 S.Ct. 340, 56 L.Ed. 570; Noble v. Union River Logging R.R. Co., 147 U.S. 165, 171, 13 S.Ct. 271, 37 L.Ed. 123; American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90; Ferris v. Wilbur, 4 Cir., 27 F.2d 262. It is equally well settled that where a federal officer acts within the limits of his legal power and authority and exercises a function legally delegated to him, an action to restrain him cannot be maintained without impleading the sovereign even though there is a claim of error in the exercise of that power or an abuse of discretion. Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L. Ed. 1628. In Dakota Central Telephone Co. v. State of South Dakota ex rel. Payne, 250 U.S. 163, 184, 39 S.Ct. 507, 509, 63 L.Ed. 910, the court speaking on the exercise of power by the President under a Congressional resolution, said:

"The proposition that the President in exercising the power exceeded the authority given him is based upon two considerations: First, because there was nothing in the conditions at the time the power was exercised which justified the calling into play of the authority; indeed, the contention goes further and assails the motives which it is asserted induced the exercise of the power. But as the contention at best concerns not a want of power, but a mere excess or abuse of discretion in exerting a power given, it is clear that it involves considerations which are beyond the reach of judicial power. This must be since, as this court has often pointed out, the judicial may not invade the legislative or executive departments so as to correct alleged mistakes or wrongs arising from asserted abuse of discretion."

1. The material portion of the order reads: "Off Limits Bulletin. Number 7, 13 February 1951. 1. Restriction: The following establishments in Lawton, Oklahoma, is declared 'off limits' to all military personnel: Jones & Haithcock Used Cars, 101 North Second Street."

Ainsworth v. Barn Ballroom Co., 4 Cir., 157 F.2d 97, 100; Duke Power Co. v. Greenwood County, 4 Cir., 91 F.2d 665, 675, affirmed 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381; Ferris v. Wilbur, supra.

 The President is authorized to make and publish regulations for the government of the army which shall be enforced and obeyed until altered or revoked by the same authority. 10 U.S.C.A. § 16. Pursuant to this statute, regulation 600–10 was promulgated and it granted authority to commanding officers to declare establishments and areas off limits to troops for the purpose of maintaining discipline and to safeguard the health and welfare of military personnel.[2] We think it clear that the regulations gave the General, for the health and welfare of the troops under his command, power and authority to declare the establishment of the plaintiffs "off limits."

What is necessary for the discipline of military personnel and to safeguard their health and welfare is to be determined by the commanding officers and not the courts. This case is not unlike Ainsworth v. Barn Ballroom Co., supra, where an "off limits" order was issued under a similar regulation and its enforcement was enjoined. That court, in reversing the injunction order said, 157 F.2d at page 101:

> "Enough has been said, we think, to show that the President, acting through the Secretaries of War and Navy, had power to regulate and control the military establishments; that appellants' order was restricted to military personnel; that it did not by its terms deprive appellee of the right to maintain its dance hall or prevent its civilian customers from patronizing it. And if, in consequence, appellee's business sustained a loss, it was neither a 'taking' of appellee's property, nor a trespass, nor an unwarrantable interference, and consequently is not an

order for which damages will accrue against the individuals named. Since, therefore, the making of the regulation order was the exercise of authority conferred by law, it follows that this proceeding to annul it is a suit against the United States."

The rule is the same regardless of the motive of the officer issuing the order. Isbrandtsen-Moller Co. v. United States, 300 U.S. 139, 145, 57 S.Ct. 407, 81 L.Ed. 562; United States v. San Jacinto Tin Co., 125 U.S. 273, 284, 8 S.Ct. 850, 31 L.Ed. 747; Duke Power Co. v. Greenwood County, supra, 91 F.2d at page 675.

This also disposes of the contention that the order constituted a taking of property without due process of law.

The judgment is reversed and remanded with instructions to dismiss the complaint.

2. That portion of regulation 600–10 which is applicable here is as follows: "Off Limits.—a. To assist responsible commanders in maintaining discipline and safeguarding the health and welfare of military personnel, establishments and areas may be declared 'off limits' for troops, Military Police may be posted at entrances."