**TAFT HOTEL CORPORATION,**
Plaintiff-Appellant,

v.

**HOUSING AND HOME FINANCE AGENCY, Albert W. Cole, Administrator of the Housing and Home Finance Agency, Frank O'Brion, Harry Barnet, Andrew Euston, Fred W. Waterman, Jr., Matthew Ricoppolo, constituting the New Haven Redevelopment Agency and the City of New Haven,** Defendants-Appellees.

No. 92, Docket 25230.

United States Court of Appeals
Second Circuit.

Argued Dec. 2, 1958.

Decided Dec. 31, 1958.

Leo E. Sherman, Norwalk, Conn., for appellant.

Harry W. Hultgren, Jr., U. S. Atty., and W. Paul Flynn, Asst. U. S. Atty., New Haven, Conn, for Housing and Home Finance Agency and Albert W. Cole, Administrator, appellees.

Gumbart, Corbin, Tyler & Cooper, Walter G. Farr, Jr., New Haven, Conn., for Frank O'Brion and others and the City of New Haven, appellees.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

Plaintiff's action seeks a determination that Housing and Home Finance Agency and Albert W. Cole, Administrator of said Agency, acted illegally in approving New Haven's Redevelopment Project, insofar as it includes the erection of a 300 room air conditioned hotel. It seeks also a mandatory injunction restraining said Agency and Administrator from furnishing any financial assistance to the Redevelopment Agency of the City of New Haven in furtherance thereof.

 Judge Anderson's opinion is reported in 162 F.Supp. 538. He held that the statutes do not authorize Housing and Home Finance Agency, as distinct from its Administrator, to sue or be sued. We agree.[1] He held further that service of process upon the Administrator in Washington, D. C. did not bring him before the District Court for the District of Connecticut. With this also we agree.[2] Finally he held that plaintiff has no cause of action against the local defendants because it has no standing to sue either as a taxpayer or as a person who may sustain economic loss through competition. This too is correct.[3] Economic loss stemming from lawful competition, even though made possible by federal aid, is *damnum absque injuria.*

Judgment affirmed.

1. See Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; New Haven Public Schools v. General Services Administration, 7 Cir., 214 F.2d 592.

2. See Blank v. Bitker, 7 Cir., 135 F.2d 962.

3. Massachusetts v. Mellon, 262 U.S. 447, 487, 43 S.Ct. 597, 67 L.Ed. 1078; Ala-bama Power Co. v. Ickes, 302 U.S. 464, 479, 58 S.Ct. 300, 82 L.Ed. 374; Duke Power Co. v. Greenwood County, 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381; Kansas City Power and Light Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, certiorari denied 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780.