**CONSOLIDATED TELEVISION CABLE SERVICE, INCORPORATED, Plaintiff-Appellant,**

v.

**CITY OF FRANKFORT, Kentucky, et al., Defendants-Appellees.**

No. 71–2076.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 1972.

S. Russell Smith, Smith & Smith, Louisville, Ky., for plaintiff-appellant; James E. Shafer, Louisville, Ky., William A. Young, Young & Williams, Frankfort, Ky., on brief.

Edward F. Pritchard, Jr., Frankfort, Ky., for defendants-appellees; Allen Prewitt, Jr., Marion Rider, Ben B. Fowler, Dailey & Fowler, Frankfort, Ky., on brief.

Before PHILLIPS, Chief Judge, MILLER Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

The topography of the area in which the City of Frankfort, Kentucky, is located, is such that the inhabitants of that City generally are unable to view commercial telecasts satisfactorily through the use of ordinary antenna systems.[1]

In 1952 the Electric and Water Plant Board of the City of Frankfort caused to be formed a non-stock, non-profit corporation, Community Service, Inc. (Community), for the purpose of providing a community coaxial cable antenna system, commonly called a CATV system, for at least a part of the residents of the City.[2]

---

1. Parts of this opinion are paraphrased from the well-written memorandum opinion of District Judge Bernard T. Moynahan.

2. The complaint avers that Community since 1967 has been under the control of the Plant Board and is an agency of the Plant Board. The opinion of the District Judge refers to Community, the City of Frankfort and the plant Board as the "City". It seems to be undisputed that the actions of Community referred to in this opinion, in substance and practical effect, are the acts of the municipal corporation, the City of Frankfort.

Some of the background facts concerning CATV in Frankfort are set forth in the opinion of this court in Community Service Inc. and Consolidated Television Cable Co. v. United States et al., 418 F. 2d 709 (6th Cir.1969), and the opinion of the Court of Appeals of Kentucky in Consolidated Television Service, Inc. v. Leary, 382 S.W.2d 78 (Ky.1964).

Initially the City did not provide CATV services to all areas within its geographic limits. Consolidated Television Cable Service, Inc. (Consolidated), a private corporation organized for profit, was organized to provide CATV service in certain areas not served by Community. In 1959 Consolidated entered into a contract with the Plant Board which gave Consolidated the right to use, in connection with its CATV system, certain utility poles owned by the City. This contract expired by its terms on September 19, 1965. Community, with City approval, recently has begun an expansion of its CATV system. When completed this expansion will enable Community to serve areas heretofore served only by Consolidated. Community proposes to use City-owned utility poles which heretofore have been used by Consolidated pursuant to the now expired contract.

This suit was filed by Consolidated to challenge the expansion of the City-owned CATV system, contending that the acts of the City and its agencies impair obligations of contract and deny Consolidated due process of law as guaranteed by the Fourteenth Amendment. Jurisdiction of the District Court was invoked under 28 U.S.C. § 1331(a).

The District Court denied Consolidated's application for a preliminary injunction and dismissed the complaint. We affirm.

Consolidated contends that the City and its agencies and instrumentalities are violating the equal protection clause of the Fourteenth Amendment by authorizing and making it possible for its own CATV system, which has been operating in some sections of Frankfort, to duplicate and compete with Consolidated's privately-owned system which is operating in a different section of the City. We find no support for this contention in the present case. Consolidated has no franchise, no contract and no license to continue its operations. It owns no utility poles. The contract with Consolidated obtained from the Plant Board in 1959 authorized it to use City-owned utility poles in specified areas of Frankfort. This contract was for a term of five years. It contained no option for renewal. It contained no restriction of the power of the Plant Board or of Community to extend their CATV services into the same area where Consolidated was authorized to use the City-owned poles. This contract did not grant or purport to grant any franchise to Consolidated, nor to guarantee Consolidated freedom from competition. It did not grant Consolidated the exclusive right to serve customers in the area covered by the contract. The contract related to the use of utility poles owned by the City and did not provide any territorial limitation as to where either Consolidated or Community could serve.

Even though this contract now has expired, the record does not disclose any action on the part of the City or its agencies to compel Consolidated to discontinue use of the utility poles. The City and its agencies are shown to be doing nothing more than to use City-owned utility poles for the extension of the CATV services provided by the City in areas presently served by Consolidated. The record shows that is has been the policy of the City and its agencies to provide CATV service to an ever increasing number of areas in the City of Frankfort, beginning with those areas where, because of topography, the need for cable television was most urgent. The pace of expansion has been limited by the policy of the Plant Board, after replacement of the initial funds advanced, of requiring the expansion to be financed on a self-sustaining basis without further grants or credits from the Plant Board.

We hold that under these circumstances the City has a right to use its own utility poles. Consolidated has no right to use these poles except under a five year contract which now has expired. Its continued use of the poles is by sufferance of the City. As heretofore stated, the City has not seen fit to require Consolidated to discontinue use of the utility poles—it simply has decided to use these poles for its own CATV system, without requiring Consolidated to discontinue use of the same poles.

Under these circumstances we agree with Judge Moynahan that the City's operation of its own CATV system does not violate any rights of Consolidated protected by the Constitution of the United States. *See* Proprietors of Charles River Bridge v. Proprietors of Warren Bridge, 36 U.S. (11 Peters) 420, 9 L.Ed. 773 (1837).

*See also* Duke Power Co. v. Greenwood County, 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381 (1938); Dixie Electric Membership Corp. v. City of Baton Rouge, 440 F.2d 819 (5th Cir.1971); Durham v. State of North Carolina, 395 F.2d 58 (4th Cir.1968); Rio Grande Valley Gas Co. v. City of McAllen, 152 F.2d 591 (5th Cir.1945); Central Illinois Public Service Co. v. City of Bushnell, 109 F.2d 26 (7th Cir.1940). *Cf.* Nelson v. State Highway Board, 110 Vt. 44, 1 A.2d 689, 118 A.L.R. 915; Arkansas State Highway Commission v. Butler, 105 F.2d 732 (8th Cir.1939).

Consolidated contends that the City has no statutory authority or power to operate a CATV system under State law. It seeks to invoke the protection of KRS 96.045, which provides that no municipality shall construct an electric, water or gas public utility duplicating existing facility without purchasing or condemning the existing facility. These contentions do not involve federal constitutional rights but present questions of State law which best can be determined by the courts of the Commonwealth of Kentucky.

Finally it is contended by Consolidated that the failure of the City to condemn Consolidated's CATV system under Kentucky's anti-duplication statute violates the due process clause of the Fourteenth Amendment. Since the record does not disclose that the City has taken any property owned by Consolidated, and is doing nothing more than using its own utility poles, we find no violation of the due process clause. We reemphasize that the interpretation and enforcement of the Kentucky anti-duplication statute is a matter for determination in the courts of the Commonwealth.

Affirmed.