CITY OF NEW ORLEANS *v.* NELSON ANDERSON.

The ordinance of the city of New Orleans of 19th March, 1834, which makes it unlawful "to build any stable, or establish any cowhouse in the interior of the city, or any of the incorporated suburbs"—cannot be construed to apply to such additions to the limits of the city as subsequent legislation might make.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
W. D. *Hennen*, for plaintiff.   *Purvis & Dugué*, for defendant.

BUCHANAN, J.   The petition complains, that the defendant, some time since, commenced building within the corporate limits of the city of New Orleans, to wit: within the fourth district, on the north side of Washington street, between Camp-and Magazine streets, a stable and cowhouse for more than three cows, in violation of the ordinances of said city, and particularly of an ordinance passed March 19th, 1834; that he was duly notified to desist from proceeding with said buildings, but refused to obey said notice.   It concludes by a prayer for injunction, and that defendant be condemned to pay a fine of one hundred dollars, and to remove his cows and building complained of.

The answer is a general denial; and a plea of unconstitutionality of the ordinance.   Judgment was rendered for plaintiffs, from which defendant appeals.   It is proved that the stable of defendant in question is worth more than three hundred dollars.

The petition was filed the 1st April, 1853.   The evidence fixes the erection of the building complained of, in the course of March, 1853.   At that time, the premises were within the limits of the city of New Orleans, by the effect of the Act of the 23d February, 1852, No. 72 of the session Acts, entitled an Act supplementary to an Act to consolidate the city of New Orleans, and providing for the incorporation of the city of Lafayette with the city of New Orleans.   That Act was promulgated the 4th March, 1852.   The first section provides " that the city of Lafayette be and the same is hereby incorporated with the city of New Orleans for municipal purposes only; that said city of Lafayette shall form part of the city of New Orleans, and as such shall be governed by all the laws relative to the city of New Orleans, and shall be entitled to all the rights, privileges and immunities enjoyed by said city of New Orleans, under existing laws."

In virtue of this statute, it is contended that the city ordinance of New Orleans of the 19th March, 1834, upon which this suit is based, is applicable to a stable or cowhouse erected, since the consolidation Act, on Washington street, in the Fourth District of the city of New Orleans, which is identical with the former city of Lafayette.

There has been a discussion at bar of the meaning of the word " laws," in the section just quoted; the counsel for defendant contending that it should be intended, solely, of Acts of the Legislature, and not city ordinances.   We think it unnecessary to go into this question, because, even adopting the construction of plaintiff's counsel, we think this action cannot be maintained. The ordinance of the 19th March, 1834, is in the following words:

" Section 1.   Resolved, that from and after the promulgation of the present

42

resolution, it shall not be lawful for any person to build any stable or establish any cowhouse, in the interior of the city, or any of the incorporated suburbs.

"Section 2. Resolved, that any person who, in violation of the present resolutions, should establish one or more stables or cowhouses, where more than three cows should be kept, within the above described limits, shall be liable to a fine," &c.

This ordinance contains a measure of police regulation—the prohibition of exercising a particular kind of business, within certain territorial limits.—What are those limits? The extent of the city of New Orleans, as it existed and was defined by State laws, at the time of the passage of the ordinance, in March, 1834. By reference to the different Acts on this subject, (Greiner's Digest, Nos. 1981, 1982, 1983,) it will be found that the city of New Orleans was first incorporated in the year 1805, with very extensive limits indeed—nearly if not quite equal to those at present comprised within the parishes of Orleans and Jefferson united. In 1812, those limits were contracted, so that the city extended from the Nuns' plantation (Felicity Road,) above, to the Canal des Pêcheurs below, including the settlements of Bayou St. John. In 1818, the upper limit of the city was extended to the plantation of Miss Macarty, (present city of Jefferson.) In 1833, by an Act approved April 1st, of that year, the faubourgs Nuns, Lafayette and Livaudais, were separated from the city of New Orleans, and formed into a distinct corporation and body politic, by the name and style of "City of Lafayette." This corporation subsisted, by virtue of several Acts of the Legislature, passed in the years 1835, 1837 and 1846, until the consolidation Act of 1853, which merged it in the corporation of New Orleans.

Washington street, the seat or location of the defendant's stable, is in the old faubourg Livaudais, consequently not within the limits of the corporation of New Orleans in March, 1834. And the subsequent change of the territorial limits of New Orleans can have no effect to expand or contract the space within which the police regulation contained in the ordinance referred to, should be operative. Penal statutes should be strictly construed: and in a prosecution under the ordinance, it was essential to prove that the stable was erected within the prohibited limits. So far is this from being proved in the present instance, that the contrary is substantially alleged in the petition.

The counsel for plaintiff, perceiving this difficulty, has called our attention to an ordinance of the city of Lafayette of the 6th March, 1850, which prohibited the establishment of a dairy any where between the river and Nayades street. But this is not a prosecution for a violation of any ordinance of the city of Lafayette. If it were, we would have to decide whether those ordinances are still in force in the Fourth District of New Orleans.

Judgment reversed, and judgment for defendant, as in case of nonsuit, with costs in both courts.