TATE, Judge.
This appeal concerns the effect of the annexation of adjacent territory by a city upon an exclusive garbage-collecting franchise granted to the plaintiff by another unit of local government which, prior to the annexation, was entitled to contract to provide garbage services to the annexed areas. The plaintiff seeks to have its franchise rights recognized as still valid in the annexed areas subsequent to the annexation.
The trial court sustained the defendants’ exceptions of no cause of action and dismissed this suit, and the plaintiff appeals.
The pleadings show that on March 1, 1955 the plaintiff corporation obtained by written contract an exclusive right for a term of five years to operate a garbage pick-up service within certain areas outside the city limits of Lake Charles. This franchise was conditioned upon the plaintiff’s affording at least once a week such service to all .residents within the area who desired it at certain maximum fees ranging from $2 to $10 per month according to various classifications of services. The contract was executed by Garbage District Number One, which had been *180 created by the Calcasieu Parish Police Jury pursuant to the authority granted it by Article XIV, Section 34, La.Constitution, LSA. The contract was executed purportedly under the power granted to garbage districts by this constitutional amendment to enter into contracts with any person or corporation to provide for garbage disposal services.
Subsequent to creation of this garbage district, certain areas of it adjacent to Lake Charles were annexed by that city under LSA-R.S. 33:171-179, and the city then offered and furnished garbage service to the residents of these newly annexed areas.
By this suit the plaintiff demands from the city and the garbage district, solidarily, damages allegedly resulting from the city’s violation of the plaintiff’s exclusive right under its contract with the garbage district to afford garbage service in the annexed areas. The plaintiff also prays for injunc-tive relief preventing the city “from in any way interfering with, hindering, or competing with petitioner’s exclusive right to collect garbage within the area” annexed to the city from the territory included within the garbage district at the time the plaintiff’s contract with the district was executed.
While various other issues are posed, the basic question of this appeal is whether the exclusive franchise granted by the garbage district when the area was still outside of the city limits still remains in force when such areas are legally annexed by the city.
Frankly admitting that no directly pertinent jurisprudence on the point can be found, able counsel for plaintiff argues that his contractual rights are unconstitutionally impaired by governmental action if the city is permitted to ignore his franchise, and he further relies upon authorities which hold that in the absence of statute or agreement the annexing municipality is responsible for the indebtedness and bound by contractual obligations of the annexed territory. 62 C.J.S. Municipal Corporations § 78, p. 186; 43 Am.Jur. “Public Utilities and Services”, Section 28, p. 590.
The gravamen of the plaintiff’s complaint is that the city furnishes a free garbage disposal service to the residents of the annexed areas, and that this violates the plaintiff’s exclusive right to afford a garbage-collecting service in these areas and has the further practical effect of destroying plaintiff’s right to do so within the area, since naturally the residents will accept the city’s free service and will not patronize the plaintiff company’s services for which a fee must be charged. It is argued most forcefully and persuasively that thus unconstitutionally violated are plaintiff’s contractual rights, in reliance upon which the plaintiff purchased its equipment and may have incurred other obligations.
In our opinion, however, the District Court correctly concluded that the plaintiff has no cause of action for this alleged violation of its contractual rights.
The city furnishes free garbage service to the residents of the annexed areas, as it does to all its other residents, under its legal obligation to do so set forth by LSA-R.S. 33:179: “Where the corporate limits of municipalities have been extended or enlarged as hereinabove provided [by LSA-R.S. 33:171-178], the inhabitants thereof, and the owners of property therein, shall enjoy as to themselves and their property all the rights, immunities, and privileges granted and enjoyed by the citizens of the municipality to which the territory has been annexed.” As our learned trial brother stated, “the contract was entered into [by the plaintiff] subject to the right of the city and the inhabitants to annex portions of the area included in the garbage district”, and the contract is thus subject in the respect noted to the legal effects resulting from such annexation.
It should be added that, as to the co-defendant garbage district, no allegation is made that it took any action in derogation of the plaintiff’s contractual rights.
*181 The petition also contained a legal conclusion that, after the city commenced furnishing garbage service within the newly annexed territories, the plaintiff “was no longer allowed” to do so. As amplified by other allegations of the petition and the pleadings and as explained by brief, however, we understand that this allegation means only that, since the city furnished free garbage services to residents within its limits, the effect of the city’s furnishing this service in the annexed areas is to deprive the plaintiff of any opportunity to obtain customers, which it must charge for the same services. Perhaps a different •question would 'be involved if the city actually hindered the plaintiff by prohibitory •ordinance or discriminatory licensing from •continuing to afford garbage-disposal within the affected area to those residents still •desiring it from the plaintiff; and our decision expressly does not pass upon the situation that would thus be presented.
For the foregoing reasons, the judgment ■dismissing this suit is
Affirmed.