**CITY OF THIBODAUX, Appellant,**

v.

**LOUISIANA POWER & LIGHT COM-
PANY, Appellee.**

No. 22000.

United States Court of Appeals
Fifth Circuit.

March 6, 1967.

John Schwab, Theo F. Cangelosi, Baton Rouge, La., Wollen Falgout, Thibodaux, La., Brunswig Sholars, Robert L. Cangelosi, Baton Rouge, La., for appellant.

Donald L. Peltier, Thibodaux, La., Andrew P. Carter, New Orleans, La., Peltier & Peltier, Thibodaux, La., Monroe &

Lemann, Melvin I. Schwartzman, Eugene G. Taggart, C. King Mallory, New Orleans, La., for appellee.

Before BROWN, BELL, and DYER, Circuit Judges.

BELL, Circuit Judge:

The City of Thibodaux, Louisiana, appeals from an award to the Louisiana Power & Light Company of $1,379,558 as just compensation for properties of the power company within the city limits of Thibodaux which properties were expropriated by the city acting pursuant to La.R.S. § 19:101.[1]

■■ This is the most recent phase of the protracted litigation between these parties which began in 1957 in the state court. Having been removed to the federal court under its diversity jurisdiction, the next four years were spent in having the question resolved of the right of the city to expropriate.[2] Finally, in 1961, a commission was appointed under Rule 71A, F.R.Civ.P., to determine the issue of just compensation. The award by the commission, with which both parties were dissatisfied, was adjusted upward on review by the District Court. Only the city appeals.[3]

---

1. La.R.S. § 19:101
"Any municipal corporation of Louisiana may expropriate any electric light, gas, or waterworks plant or property whenever such a course is thought necessary for the public interest by the mayor and council of the municipality. * * *"

2. The District Court abstained on the basis that the right involved, arising as it did under the power of eminent domain, was one for the state courts. City of Thibodaux v. Louisiana Power & Light Company, E.D., La., 1957, 153 F.Supp. 515. We reversed. City of Thibodaux v. Louisiana Power & Light Company, 5 Cir., 1958, 255 F.2d 774. The Supreme Court reversed our decision and held that abstention was proper. Louisiana Power & Light Company v. City of Thibodaux, 1959, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed. 2d 1058. A declaratory judgment action was then initiated in the Louisiana state courts. It was determined that the city could expropriate the properties in question. City of Thibodaux v. Louisiana

Power & Light Company, La.App., 1st Cir., 1960, 126 So.2d 24.

3. The power company has filed two motions in this court to dismiss the appeal. The first is based on a contention that there has been no proof of necessity as required under the expropriation statute, La.R.S. § 19:101. This question was settled by the Louisiana Court of Appeals. City of Thibodaux v. Louisiana Power & Light Company, 126 So.2d 24, 43, supra. See State Through Department of Highways v. Guidry, 1960, 240 La. 516, 124 So.2d 531. Moreover, it comes too late. Kirby Lumber Corporation v. State of Louisiana, 5 Cir., 1961, 293 F.2d 82. It should have been presented by cross-appeal. The other motion is based on the theory that the city has defaulted by not making a post-judgment deposit pursuant to the requirements of La.R.S. § 19:107, where mortgaged property is involved. This motion is also denied. The parties stipulated in 1957 that the proceeding would be governed by Rule 71A, F.R.Civ.P. That rule contemplates pre-

The expropriation was of the power company's facilities and franchise in an unincorporated area of a parish which had recently been annexed by the City of Thibodaux. The award by the commission was as follows:

| | |
|---|---:|
| Physical Properties | $165,654.00 |
| Franchise—Value of Present Income | 315,031.00 |
| Severance Damages | 17,380.00 |
| Consequential Damages | 99,575.00 |
| Total | $597,640.00 |

We affirm as to the award for physical properties, severance damages and consequential damages. We affirm as to the capitalization method used in computing the value of the franchise, and as to the award based on present income. The District Court granted an additional amount of $781,918 for franchise value based on future growth. We reverse as to this award.

■ The amount awarded for physical properties is not contested by either party. The amount of the severance damages is not contested by the city. The power company indicates its disagreement with the amount of the award as a matter of merit but we reject the suggestion. The power company took no appeal and the question is not before us. Kirby Lumber Corporation v. State of Louisiana, 5 Cir., 1961, 293 F.2d 82.

■■ The city contests the award for consequential damages but the award has an adequate evidentiary foundation, and is clearly in order under the jurisprudence of Louisiana. It was for damages suffered by the company through the carving out of the Thibodaux facilities from its system, thus leaving loose ends of its remaining facilities hanging in the adjacent areas. The situation is not unlike the allowance of compensation to adjacent property owners in Louisiana highway condemnation cases for amounts necessary to construct ramps and bridges across ditches paralleling new highways. See City of New Orleans v. Giraud, 1959,

238 La. 278, 115 So.2d 349; State Department of Highways v. Burleigh, La. App., 1964, 160 So.2d 782; Louisiana Highway Commission v. Treadaway, La. App., 1937, 173 So. 209. These damages are not in the class of moving expenses or damages for inconvenience as are referred to in McMahon v. St. Louis A. & T. R. Co., 1889, 41 La.Ann. 827, 6 So. 640; or Rapides Parish School Board v. Nassif, 1957, 232 La. 218, 94 So.2d 40.

This leaves two questions for decision. The first is whether it was proper for the commission to determine the value of the franchise on a capitalization of present income basis. The second involves whether the power company was entitled to any award at all for its franchise based on the value of future growth.

I.

■ We hold that capitalization of present income was a proper approach to the question of market value of the franchise under the circumstances of this case.

■ The amount of the award due the power company is a state question arising under Art. I, § 2, Louisiana Const., 1921, which provides that private property may be taken or damaged for public purposes but only after payment of just and adequate compensation. The fair market value of the property is the means for ascertaining just and adequate compensation under the Louisiana Constitution. State through Department of

judgment deposits and also permits post-judgment deposits. Cf. Atlantic Seaboard Corporation v. Van Sterkenberg, 4 Cir., 1963, 318 F.2d 455; United States v.

Hirsch, 2 Cir., 1953, 206 F.2d 289. These deposit provisions are not applicable in the circumstances of this case.

Highways v. Hub Realty Company, 1960, 239 La. 154, 118 So.2d 364, 365. The use of comparable sales is the normal method for determining market value but here were no comparable sales to be used. In such event value must be ascertained by considering other factors. Housing Authority of New Orleans v. Boudwine, 1954, 224 La. 988, 71 So.2d 541. Thus it was that the commission used the method of capitalizing the net earnings of the properties being expropriated to arrive at the value of the franchise.

The city concedes, as it must, that earnings may be considered in valuating the worth of an enterprise. However, it is argued that capitalization of earnings may not be the sole basis for judgment.[4]

In order to capitalize net income it is necessary to estimate the amount of future net income and this involves estimating gross income and expenses over a long period of time. Then a capitalization or discount rate must be selected. It is obvious that the vagaries of future events, economic and otherwise, have great bearing on the certainty of a value based on capitalization. Nevertheless, the commission, having no comparable sales to use as a guide, arrived at the franchise value by first computing the net income from the Thibodaux operations for the most recent twelve month period, and then by capitalizing the amount of that income, $28,575 at 5.92%. The theory of capitalization was that the earnings would continue on this average over the remaining life of the franchise which was sixty-four years. This computation resulted in a capitalized value of the franchise of $480,685. The value of the physical properties, $165,654, was subtracted from this amount and the remaining $315,031 was assigned as the value of the franchise. The commission arrived at the net income figure by allocating system wide expenses on a prorated basis against Thibodaux revenues. The capitalization rate of 5.92% was the ratio of net income to net investment of the company for the twelve month period ending with April 1961.

As stated, the city contends that the practice of capitalizing earnings to arrive at enterprise value is not acceptable in Louisiana, citing Rapides Parish School Board v. Nassif, supra. In that case the school board expropriated an owner's property in order to remove the building and construct a school. The court held that the owner was entitled to fair market value computed on the value of the land plus value of the building on a cost of replacement less depreciation basis. The owner urged that he was entitled to a valuation of the building on the basis of capitalized rental income plus the value of the land. The court rejected this contention by stating that rental income and the value of the business are not sole criteria but are material to the extent that they assist in determining the fair market value.

The city reads this case to mean that capitalization may never be the sole criterion even when no other evidence is available. We think this is an overbroad reading since it is plain from the decision that there were other value factors available.

Ours is the exact reading that the Louisiana courts have given the *Rapides Parish* case. Capitalization of income has been permitted in ascertaining value. See Orleans Parish School Board v. Paternostro, 1958, 236 La. 223, 107 So.2d

---

4. Capitalization has been defined as follows:

"* * * When the appraiser talks about capitalization of net income he means, in effect, what sum invested at a particular rate of return or interest will yield this net income * * *" Nichols on Eminent Domain, (1 vol. ed.), § 149.

"* * * What is it. The capital value theory of appraising affirms that the value of property tends to be set by the expected net yield to its owner. In the application of this theory the appraiser predicts the amount of future net income and applies appropriate discounts for interest. The process is known as capitalizing expected future income; it is simply, in effect, a process of discounting for interest. The result is the capitalized value of the property, * * *"

Schmutz, Condemnation Appraisal Handbook (1964), p. 42.

451, where a school board expropriated property and both parties utilized the capitalization process. The court's own expert witness employed it, but corroborated the capitalized amount by reproduction cost less depreciation plus land value. The Rapides Parish case is cited as approving capitalization as a criterion. In the case of Arkansas Louisiana Gas Company v. Louisiana & Ark. Ry. Co., La.App., 1964, 165 So.2d 317, the court held that it was proper to capitalize rentals in order to ascertain market value in an expropriation proceeding and this was the sole criterion used. It is clear then that it is not improper to use the capitalization process under the Louisiana law.

Fair market value as reflected by the capitalization process might be more definite if it could be checked or corroborated by other criteria such as comparable sales but here there were no other criteria. We hold that it was not error to use the capitalization process exclusively in such circumstances.

■ The power company urges that the commission made an apparent error in computation in determining the net profit figure used. There is said to be a double count in certain expense items. This same contention was made to the commission and to the District Court to no avail. In addition to finding no factual basis for the assertion, the question is not before us since the power company took no appeal, Kirby Lumber Corporation v. State of Louisiana, supra.

## II.

■ The question of awarding value to the franchise for future growth may be decided without reference to the evidence pertaining thereto and without reference to capitalization. The District Court added the sum of $781,918 to the commission's award for franchise value based on future growth. The commission had rejected any award for future growth on the conclusion that the evidence was insufficient. Any question as to the sufficiency of the evidence in this regard is expressly pretermitted. And the question presented must be distin-

guished from value, heretofore considered, based on the franchise as it had been developed to the date of valuation in 1961. We are here concerned only with what the future developments under the franchise might be. We hold that no such award was due as a matter of law in light of the settled Louisiana authorities.

On the appearance of this case in the Louisiana Court of Appeals, 126 So.2d 24, 33, supra, the court stated that the power company took its franchise from the parish in 1927 subject to the law of Louisiana permitting cities to annex adjacent territory and to expropriate utility properties therein. The franchise expressly excluded any territory within the limits of a municipality in the parish. The question before that court was the right of Thibodaux to expropriate the facilities, customers and franchise of the power company as they then existed in the recently annexed territory. Whether the power company had a right to serve new customers, or stated differently, whether the franchise included future growth in addition to existing customers was not dealt with in that decision. However, two years later, in Town of Choushatta v. Valley Electric Membership Corporation, La.App., 1962, 130 So. 2d 822, the future growth question was squarely presented to the court. The Town of Choushatta had annexed territory which had been a part of a franchise granted by a parish, just as was the case here, and the power company thereafter sought to serve a new customer. The court held that the franchise holder had no right to serve the new customer in the municipally annexed part of its franchise but that it could continue, under the authority of City of Thibodaux v. Louisiana Power & Light Company, 126 So.2d 24, supra, to serve its existing customers subject to its facilities and franchise being expropriated. The one new customer which the power company was enjoined from serving was precisely in the situation of what is alleged here to be a right to future growth. By a parity of reasoning, the holding of the

*Town of Choushatta* case means that the power company here had no such right; hence, it was entitled to no compensation for future growth under its franchise. The District Court erred in making the award of $781,918 on this basis. The power company was entitled to the value of the franchise based on the business it was doing; but not on what it might do in the future. It accepted the franchise on this condition.[5]

■ There is one last tail end to the appeal. The city urges that the judgment is infected with over-all error because the District Court took judicial notice of the expropriation in 1963 of the facilities and franchise of an electric utility by the City of LaFayette, Louisiana. Looking at the amount paid and the number of customers, the court concluded that the award to the power company here was not inordinate. The court stated that it was not a comparable sale, and it is not shown that the court gave any weight whatever to this fact in approving those parts of the award by the commission which were approved. It is not shown that any weight was given to that expropriation in making the erroneous award for franchise value based on future growth. It appears only that the court was checking its own judgment out of an abundance of caution by looking to the *LaFayette* case. This action was not error.

Our conclusion then is that the judgment is affirmed in all respects save as to the amount awarded by the District Court under the franchise valuation for future growth. That sum, $781,981, must be eliminated from the judgment. The case must be remanded so that the judgment may be made to conform to this opinion.

Affirmed in part; reversed in part; remanded with direction.

5. There is a suggestion of record in the affidavit of the power company president (R. 145, 151), that the franchise may have been amended by the city to include future growth in some annexed areas. The record is insufficient to establish this to be the case with respect to the specific area in question.