STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-1096


IESI LA CORPORATION

VERSUS

LASALLE PARISH POLICE JURY, ET AL.


**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 34,314
HONORABLE JOHN PHILIP MAUFFRAY, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

REVERSED AND REMANDED.


Walter Evans Dorroh, Jr.
Attorney at Law
P.O. Box 1889
Jena, LA 71342
(318) 992-4107
Counsel for Defendant/Appellee:
LaSalle Parish Police Jury

**Albin Alexandre Provosty**
**Provosty, Sadler, deLaunay**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellant:**
**CWI-White Oaks Landfill, L.L.C.**

**Donald Wilson**
**Gaharan & Wilson**
**P. O. Box 1346**
**Jena, LA 71342**
**(318) 992-2104**
**Counsel for Defendant/Appellee:**
**LaSalle-Grant Solid Waste Disposal District**

**Michael John O'Shee**
**Stephen A. LaFleur**
**Edward E. Rundell**
**Gold, Weems, Bruser**
**P. O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**Counsel for Plaintiff/Appellee:**
**IESI LA Corporation**

**Gregory Lynn Jones**
**Attorney at Law**
**P. O. Box 4478**
**Pineville, LA 71361**
**(318) 448-4040**
**Counsel for Secondary Defendant/Appellant:**
**Town of Pollock**

**James Patrick Lemoine**
**District Attorney, Thirty-Fifth Judicial District Court**
**P. O. Box 309**
**Colfax, LA 71417-0309**
**(318) 627-2971**
**Counsel for Defendant/Appellee:**
**Grant Parish Police Jury**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**P. O. Box 710**
**Alexandria, LA 71309**
**(318) 442-6611**
**Counsel for Defendant/Appellee:**
**Grant Parish Police Jury**

**Rick L. Farrar**
**Farrar & Farrar**
**P. O. Box 4028**
**Pineville, LA 71361**
**(318) 448-4040**
**Counsel for Defendant/Appellant:**
**CWI-White Oaks Landfill, L.L.C.**

**Michael Lee DuBos**
**Attorney at Law**
**1800 Hudson Lane, Suite 200-A**
**Monroe, LA 71201**
**(318) 322-1202**
**Counsel for Defendant/Appellant:**
**CWI-White Oaks Landfill, L.L.C.**

**EZELL, JUDGE**.

This case comes before this court on a trial court's refusal to dissolve a preliminary injunction. IESI LA Corporation (IESI) filed a petition for a preliminary injunction to prevent CWI-White Oaks Landfill, L.L.C. (CWI) from constructing and operating a solid waste pickup station on land owned by the Town of Pollock in Grant Parish. IESI had been granted the exclusive contract to handle solid waste disposal services in the parishes of LaSalle and Grant by the LaSalle-Grant Solid Waste Disposal District.

## FACTS

Pursuant to La.R.S. 33:8001, any parish governing authority may create garbage districts. In 1990, LaSalle and Grant parishes entered into an intergovernmental agreement in which both parishes agreed to jointly operate a solid waste landfill owned by and located in LaSalle Parish. 1990 La. Acts No. 781, §1, created the LaSalle-Grant Solid Waste District (Solid Waste District). IESI became manager of the landfill pursuant to a September 15, 1994 contract which was executed by IESI's predecessor in interest, TransAmerica Waste Industries, Inc., and the parishes of LaSalle and Grant.

Desiring to transport waste to its landfill in Ouachita Parish, CWI sought to construct a pickup station in Grant Parish in 2004. In August 2004, CWI purchased a seventeen-acre tract in Grant Parish. The situation did not pan out for this piece of property, so CWI began negotiations with the town of Pollock to lease property from it.

In November 2004, IESI filed a petition for injunctive and declaratory relief against the LaSalle Parish Police Jury, the Grant Parish Police Jury, the Solid Waste District, and the individual members of the Grant Parish Police Jury. IESI alleged

1

that the Solid Waste District was the sole governing authority within its territorial boundaries with regard to the handling and disposal of solid waste. IESI further alleged that the Solid Waste District's approval was necessary before solid waste could be handled within it.

After a hearing, the trial court issued a preliminary injunction on January 17, 2005, enjoining the LaSalle Parish Police Jury and the Grant Parish Police Jury from taking any action to authorize the construction or operation of a waste handling facility without first asking and receiving approval from the Solid Waste District.

Subsequently, IESI amended its petition to add CWI as a defendant seeking a preliminary injunction enjoining CWI from constructing a pickup station. A hearing was held on August 15, 2005. The trial court denied IESI's motion for preliminary injunction. However, the trial court held that it would grant the preliminary injunction ex parte, without notice or hearing, if IESI filed evidence of the initiation of construction or operation of a solid waste handling facility with the Solid Waste District.

Meanwhile on July 5, 2005, Pollock annexed additional property. Pollock then executed a lease with CWI On September 21, 2005, to construct and operate a solid waste pickup station on the annexed property. In response, IESI filed a second amending petition adding Pollock as a defendant on June 21, 2006. An ex parte order for a preliminary injunction was entered against CWI on July 10, 2006, enjoining it from constructing or operating a solid waste facility.

A hearing on the motion for preliminary injunction against Pollock was held on July 14, 2006. At the conclusion of the hearing, the trial court granted a preliminary injunction against Pollock and also modified the previous ex parte preliminary injunction issued against CWI. On July 26, 2006, the trial court executed

2

an order modifying the July 10, 2006 preliminary injunction to permit CWI to construct, but not to operate, a solid waste handling facility within Pollock.

CWI sought a writ of review to this court with respect to the issuance of the ex parte preliminary injunction. This court denied the writ application finding that an adequate remedy by appeal existed. No appeal was taken.

In February 2007, both CWI and Pollock filed motions to dissolve the preliminary injunctions. A hearing was held on March 12, 2007. The trial court denied the motions to dissolve, and judgment was signed on March 20, 2007. Both CWI and Pollock appealed the denial of their motions to dissolve.

## PREMATURE APPEAL

CWI specifically requested an award of damages for wrongful issuance of the preliminary injunction. IESI argues that CWI's appeal is premature and should be dismissed because the damages part of CWI's claim was not adjudicated.

Pursuant to La.Code Civ.P. art. 3608, the court may allow damages for the wrongful issuance of a preliminary injunction. In the present case, the trial court found that the issuance of the preliminary injunction was proper. Therefore, the issue of damages was moot. We find that the judgment rendered by the trial court was a final, appealable judgment.

IESI also argues that CWI and Pollock should have appealed the judgments which issued the preliminary injunctions. It argues that the hearing of this appeal is a waste of judicial resources when the same issues are to be presented to this court following a trial on the permanent injunction.

Louisiana Code of Civil Procedure Article 3607 allows an interested person to move to dissolve a preliminary injunction as long as the person gives the adverse party two days' notice, or on shorter notice as determined by the court. Furthermore,

3

La.Code Civ.P. art. 3612(B) provides that "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction . . . ." By law, CWI and Pollock are entitled to appeal the judgment denying their motions to dissolve. Therefore, we will now address the merits of their case.

**MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

Louisiana Code of Civil Procedure Article 3601 provides that an injunction shall issue in cases where irreparable injury, loss, or damage may result to the applicant. A party is entitled to a preliminary injunction if he makes a *prima facie* showing that he will prevail on the merits. *Lake Bistineau Pres. Soc., Inc. v. Seales*, 40,583 (La.App. 2 Cir. 2/10/06), 922 So.2d 768, *writ denied*, 06-620 (La. 5/26/06), 930 So.2d 27. "The issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion." *Herff Jones, Inc. v. Girouard*, 07-393, p.7 (La.App. 3 Cir. 10/3/07), 966 So.2d 1127, 1133.

Both CWI and Pollock claim that IESI failed to carry its burden to make a *prima facie* showing sufficient to merit the issuance of the preliminary injunction. They claim that the preliminary injunction is improper because Pollock is not within the Solid Waste District and they are entitled to dissolution of the preliminary injunctions issued against them.

In *State v. Meche*, 98-327, p. 6 (La.App. 3 Cir. 12/16/98), 724 So.2d 847, 850, this court quoted with approval Attorney General Opinion Number 82-457, p. 1 (July 27, 1982), which explained the extent of a parish's authority over its municipalities as follows:

> It has been the opinion of this office that the Louisiana Legislature through Title 33 of the Louisiana Revised Statutes has given complete control and jurisdiction over the incorporated areas of a municipality to the governing body of each particular municipality. This title also gives the complete control and jurisdiction of all

4

unincorporated areas of a parish to the parish police jury. The parish governing authorities and the municipal governing authorities are separate and distinct governing bodies and neither can legally exert its authority outside its jurisdiction.

Thus, it is the opinion of this office that a parish governing body has no general power or authority over incorporated municipalities within the parish.

Louisiana Revised Statutes 33:7702(A) provides the authority for a parish governing authority to create a consolidated special service district. It also specifically provides that "no consolidated garbage district shall include territory within the corporate limits of any municipality." Louisiana Revised Statutes 33:8041 (emphasis supplied), which created the LaSalle-Grant Solid Waste Disposal District provides as follows:

A. There is hereby created the LaSalle-Grant Solid Waste Disposal District, hereinafter referred to as the "district". **The district shall be composed of all territory within the geographic limits of the parishes of Grant and LaSalle and may include all territory within any municipality within these parishes at the request of the governing authority of such municipality.** Notwithstanding any laws to the contrary, other parishes shall be allowed to dispose of their waste within the district with the approval of a majority of the board of commissioners of the district.

B. The purpose of the district is to provide solid waste disposal within its jurisdiction.

There is no doubt that municipalities were specifically excluded from inclusion in these specially-created service districts of parishes. However, a municipality *may* be included in the Solid Waste District should it request such. Further support for this conclusion is found in La.R.S. 33:7702(C):

As a prerequisite to the creation of any consolidated special service district, the governing authority of the parish shall be furnished with a certified copy of a resolution, adopted by the governing authority of each existing district to be consolidated and by the governing authority of each municipality all or part of whose territory is proposed to be included in the consolidated district, requesting the parish to create a consolidated special service district and describing and defining the

5

boundaries thereof.

IESI cites La.R.S. 33:8043(2) for the proposition that authorization of the commission which governs the Solid Waste District is required before construction of any solid waste handling facilities within LaSalle Parish or Grant Parish. Louisiana Revised Statutes 33:8043(2) provides that the commission has the power "[t]o provide for the establishment, operation, and maintenance of a solid waste disposal system, including areas within the corporate limits of municipalities within the parishes."

Reading this statute *in parae materia* with the other previously cited statutes, it is clear that once a municipality decides to participate in the Solid Waste District, then the commission is in charge of the solid waste system within that municipality. We find no conflict here.

At the July 14, 2006 hearing, the trial court recognized that Pollock was not part of the Solid Waste District. The court then went on to hold that the Solid Waste District still had authority over the newly-annexed land because it had the authority before the land was annexed. This was the basis for the trial court's modification of the July 10, 2006 preliminary injunction. The July 26, 2006 modified preliminary injunction allowed CWI to construct a solid waste handling facility on the annexed premises but it still could not operate it without first obtaining permission from the Solid Waste District.

In *Calcasieu Sanitation Service, Inc. v. City of Lake Charles*, 118 So.2d 179 (La.App. 1 Cir. 1960), the court considered the effect of annexation by the City of Lake Charles of territory which was covered by a contract that had been granted to a garbage collection service. The court cited La.R.S. 33:179, which provides:

> Where the corporate limits of municipalities have been extended or enlarged as hereinabove provided, the annexed territory, the

6

inhabitants thereof, and the owners of property therein shall enjoy as to themselves and their property all the rights, immunities, and privileges granted and enjoyed by the citizens of the municipality to which the territory has been annexed.

Quoting the trial court, the court of appeal held that ""the contract was entered into [by the garbage collection service] subject to the right of the city and the inhabitants to annex portions of the area included in the garbage district", and the contract is thus subject in the respect noted to the legal effects resulting from such annexation." *Calcasieu Sanitation Serv., Inc.*, 118 So.2d at 180.

Once Pollock annexed the subject property, the property ceased to be under the control of the Solid Waste District since Pollock is not a member of it. Therefore, the LaSalle-Grant Parish Solid Waste District has no jurisdiction over the subject property. The trial court erred in not dissolving the preliminary injunctions issued against CWI and Pollock.

For these reasons, the judgment of the trial court is reversed. We hereby dissolve the preliminary injunction against CWI entered on July 10, 2006, and as modified on July 26, 2006. The preliminary injunction entered against the Town of Pollock on July 26, 2006, is also dissolved. This matter is remanded for further proceedings. Costs of this appeal are assessed to IESI LA Corporation.

**REVERSED AND REMANDED.**