NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-41

ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.

VERSUS

LOUIS MICHAEL TODD

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-3950
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

Saunders, J., dissents with written reasons.

AFFIRMED.

**Hunter William Lundy**
**Rudie R. Soileau, Jr.**
**Kristie M. Hightower**
**Lundy, Lundy, Soileau & South, LLP**
**P. O. Box 3010**
**Lake Charles, LA 70602**
**(337) 439-0707**
**Counsel for Defendant-Appellee:**
**Louis Michael Todd**

**John B. Scofield**
**Scofield, Gerard, Singletary & Poherelsky**
**901 Lakeshore Drive, #900**
**Lake Charles, LA 70601**
**(337) 433-9436**
**Counsel for Plaintiff-Appellant:**
**Arthur J. Gallagher Risk Management Services, Inc.**

**John David Ziober**
**Brad M. Boudreaux**
**Guglielmo, Marks, Schutte, Terhoeve & Love**
**320 Somerulos Street**
**Baton Rouge, LA 70802**
**(225) 387-6966**
**Counsel for Plaintiff-Appellant:**
**Arthur J. Gallagher Risk Management Services, Inc.**

**PICKETT, Judge.**

The plaintiff, Arthur J. Gallagher Risk Management Services, Inc. (Gallagher), appeals the trial court's denial of a preliminary injunction against its former employee, Louis Michael Todd.

## STATEMENT OF THE CASE

In 1996, Todd, a licensed insurance agent, went to work for the McElveen Agency selling insurance. Gallagher later purchased the McElveen Agency. On May 28, 1998, Todd signed a two-year employment contract with Gallagher. Relevant to this appeal, the agreement included the following clause:

Section 8.    Protection of Corporation's Business.

> The Executive recognizes the Corporation's legitimate interest in protecting, for a reasonable period of time following the termination of the Executive's employment, those Corporation accounts with which the Executive will be associated during his employment. Accordingly, the Executive understands and agrees that for a period of two(2) years following the termination of his employment for any reason whatsoever, he will not, directly or indirectly, solicit, place, market, accept, aid, counsel or consult in the renewal, discontinuance or replacement of any insurance (including self-insurance) by, or handle self-insurance programs, insurance claims, risk management services or other insurance administrative or service functions for, any Corporation account for which he performed any of the foregoing functions during the two-year period immediately preceding such termination in the Louisiana Parishes of Calcasieu, Beauregard, Allen, Rapides, Jeff Davis, Cameron, Vernon, St. Tammany, LaFourche, St. Charles, Jefferson, Orleans, St. Bernard, Iberville and Plaquemines and the States of Texas and Mississippi; provided that Gallagher has continued to carry on such activities. For purposes of Sections 7 and 8 hereof, all references to "Corporation" shall be deemed to include the Acquired Business.

On August 14, 2009, Gallagher terminated Todd's employment when they discovered that Todd had allegedly set up a business entity to solicit Gallagher's customers. On that same day, Gallagher filed a Petition for Damages, and for Injunctive Relief and Temporary Restraining Order. The trial court granted a temporary restraining order

1

(TRO), set the bond at $1,000.00, and set a hearing on the preliminary injunction on September 15, 2009. The TRO, which by law expires after ten days, was re-issued twice before the hearing on September 15.

After the hearing, the trial court determined that Section 8 of the employment agreement was overly broad and therefore unenforceable. The trial court also denied injunctive relief with respect to a clause in the contract regarding confidentiality of information. Finally, the trial court found that Gallagher knew before the TRO was extended that Todd had not violated the contract and ordered the $1,000.00 bond forfeited to Todd.

Gallagher now appeals the trial court's judgment insofar as it finds Section 8 unenforceable and denies injunctive relief and orders the $1,000.00 bond forfeited. Gallagher does not appeal the denial of a preliminary injunction with respect to the confidential information clause of the contract.

**ASSIGNMENTS OF ERROR**

Gallagher asserts two assignments of error:

1.    The trial court committed clear errors of law in failing to follow the law of this state as set forth by the Louisiana Supreme Court in La.R.S. 23:291(C), *Swat 24 Shreveport Bossier, Inc. v. Bond*, 00-1695 (La. 6/29/01), 808 So.2d 294, and *AMCOM of Louisiana, Inc. v. Battson*, 28, 171 (La.App. 2 Cir. 1/5/96), 666 So.2d 1227, *writ granted, reversed, decision of the trial court reinstated by* 96-319 (La. 3/29/96), and as authorized by Section 11(d) of the Employment Agreement dated May 28, 1998 between Gallagher and the defendant, Louis M. Todd ("Agreement"), by refusing to excise or delete from Section 8 of the Agreement any overbroad language as to the "scope of business" and the "geographical areas," and by failing to enforce the balance of Section 8 of the Agreement by issuance of a preliminary injunction.

2.    Because the trial court erred in refusing to grant injunctive relief, the trial court erred in ordering the forfeiture of the security posted by Gallagher in accordance with La.Code Civ. P. art. 3608.

2

# DISCUSSION

Louisiana Code of Civil Procedure Article 3601 states that a preliminary injunction is appropriate in cases where irreparable injury, loss, or damage may result to the applicant. The requirement of proving irreparable injury is held in abeyance when an employer seeks enforcement of a non-competition clause in a contract if the employer proves a breach of the obligation not to compete. La.R.S. 23:921(H). Nevertheless, in order for the court to issue a preliminary injunction, the party seeking injunctive relief must make a *prima facie* showing that he will prevail on the merits. *IESI LA Corp. v. LaSalle Parish Police Jury*, 07-1096 (La.App. 3 Cir. 3/5/08), 979 So.2d 597, *writs denied*, 08-696 (La. 6/20/08), 983 So.2d 1272 *and* 08-1128 (La. 9/19/08), 992 So.2d 940.

This court addressed the standard of appellate review applicable to this case in a similar case, *Herff Jones, Inc. v. Girouard*, 07-393, p. 7 (La.App. 3 Cir. 10/3/07), 966 So.2d 1127, 1133:

> The issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. *Vartech Sys., Inc. v. Hayden*, 05-2499 (La.App. 1 Cir. 12/20/06), 951 So.2d 247. But where the trial court's decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court. *Hooper v. Hooper*, 06-825 (La.App. 3 Cir. 11/2/06), 941 So.2d 726, *writ denied*, 06-2823 (La.1/26/07), 948 So.2d 177; *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983). Here, the underlying issues, whether the noncompetition agreements on which the trial court based its grant of the preliminary injunction were valid and in effect at the time of the hearing on the motion, are questions of law which we will review de novo.

We begin our review of the trial court's judgment by noting that Gallagher admits that Section 8 is overly broad and therefore violative of La.R.S. 23:921, which

3

prohibits non-competition agreements except in limited circumstances. In this case,

the exception to the prohibition is found in La.R.S. 23:921(C):

> Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

Gallagher admits that the agreement is overbroad insofar as it includes a prohibition

against Todd soliciting customers of Gallagher in Mississippi and Texas. Gallagher

argues that Section 8 can be amended to strike out that portion of the clause pursuant

to Section 11(d) of the Employment Agreement, which states:

> To the extent that the terms set forth in this Agreement or any word, phrase, clause or sentence is found to be illegal or unenforceable for any reason, such word, phrase, clause or sentence shall be modified or deleted in such manner so as to afford the Corporation the fullest protection commensurate with making this Agreement, as modified, legal and enforceable under applicable laws, and the balance of this Agreement shall not be affected thereby, the balance being construed as severable and independent.

The trial court refused to reform the contract to conform to the requirements

of La.R.S. 23:921(C), stating:

> The Court has reviewed the language contained therein and finds that the language clearly is overly broad as to scope of business, as well as the geographical areas. The plaintiffs have asked that the Court not reform but excise or, pursuant to 11(D), take out the grievous language, leaving the intent of the agreement. In reviewing the totality and the facts specific to this case, the Court declines to do so. The Court finds that Section 8 in its entirety is invalid and will be stricken. The basis of that would be there is no incentive to follow the law if the Court were to apply Section 11(D) to those provisions that are so onerous and violative that there is no penalty or detriment to companies or businesses to include those words as long as they add that severance language and ask the Court just to remove the grievous words when they occur on those individuals that are willing to exercise that challenge.

For those reasons, the entirety of that provision the Court finds unenforceable, and therefore there would be no injunctive relief associated with that nor any application of that to Mr. Todd.

Gallagher argues that the trial court erred in not applying the Section 11(d) language to reform Section 8 so that it is a legal contract pursuant to La.R.S. 23:921. We agree. The supreme court specifically held that non-competition agreements can be reformed to fit within the statute if the employment contract contains a severability clause. *See SWAT 24 Shreveport-Bossier, Inc. v. Bond*, 00-1695 (La. 6/29/01), 808 So.2d 294. By striking the words "and the States of Texas and Mississippi," the contract is reformed so that it is not overly broad as to geographic limits. Further, we find the trial court committed manifest error in finding Section 8 overbroad insofar as it defines the scope of business. In fact, Todd is only prohibited from soliciting those clients whose accounts he had worked on in the two years prior to the termination of his employment. He is not prohibited from soliciting the same type of business from new clients in any part of the state, including those parishes listed in the agreement.

Nevertheless, we find the trial court correctly denied injunctive relief. Gallagher introduced evidence that Todd made plans to start a competing agency while he still worked for Gallagher. Gallagher also introduced evidence, including the testimony of Sue Moss, that he may have planned to solicit business from his Gallagher clients. The no evidence in the record, however, that Todd solicited any of Gallagher's clients whose accounts he had worked on in the two years prior to his termination. There is, therefore, no proof that he breached Section 8 of the employment agreement.

5

Without proof of a breach of the obligation no to do, La.R.S. 23:921(H) does not apply.  Therefore, in order to be entitled to injunctive relief, Gallagher had to prove irreparable injury.  In the hearing for a preliminary injunction, Gallagher failed to present any evidence showing irreparable injury if the injunction did not issue.

We affirm the judgment of the trial court.  Our finding on Gallagher's first assignment of error renders the second assignment of error moot.

## CONCLUSION

The judgment of the trial court is affirmed.  The costs of this appeal are assessed to Gallagher.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

10-0041

ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.

VERSES

LOUIS MICHAEL TODD

**SAUNDERS, Judge, dissents**

I agree with the majority opinion that the trial court erred in not applying the Section 11(d) language to reform Section 8 so as to legally align Section 8 with La.R.S. 23:921. However, in my view, the issuance of an injunction is warranted.

The majority opinion states the following; "[t]here is, therefore, no proof that [Todd] breached Section 8 of the employment agreement." Without a finding that Todd did breach Section 8 of the agreement, the majority opinion then reaches the conclusion that La.R.S. 921(H) does not apply. I feel that Gallagher did prove that Todd breached the following language of Section 8 of the agreement: "[Todd] will not, directly or indirectly, solicit . . . any Corporation account for which he performed any of the foregoing functions during the two-year period immediately preceding such termination in the Louisiana Parishes of Calcasieu"

Evidence of that proof is from the following excerpt of the testimony of Sue Moss:

> Q    Did you ever see a business plan that was prepared by [Todd] or for him regarding his new venture?
>
> A    Yes, I did.
>
> Q    And how did you come about seeing that?

A    He gave it to me.

Q    And it what context? Why did he give it to you?

A    When I told him no, that I wouldn't leave [Gallagher] with him, daily he pressured me to go; and he brought the business plan to me and asked me as an enticement for me to review it and feel comfortable with his plan and feel comfortable that he was financially able to do what he was planning to do.

Q    Did you read the plan?

A    I read the plan.

Q    Every word of it?

A    Every word of it.

Q    About how long did you have it in your possession?

A    Approximately a month.

Q    Did that plan set forth any data regarding clients or customers of Gallagher?

A    Yes, it did.

Q    And what did it have? What did it have about them?

A    It was a list of current clients that is [sic] was his intention to secure, and that list included the names of the clients.

Q    How about insurers, insurance companies?

A    Yes. The nature of the bulk of the work that I did is with healthcare clients and there was information in there about what carriers he would need to have contracts with in order to substantiate the placement of coverage for those clients.

. . . .

Q    What there any suggestion made that you were to play a part in bringing those clients from Gallagher to him, to Mr. Todd?

A    Well, together, yes.  It was approached as if it were a team effort, that as a team we would leave the agency and as a team we would secure these clients and maintain our relationships with them and

write their business.

Q     And, again, you job required you or part of it was your developing a rapport with these clients?

A     Oh yea, daily, on a daily basis.  I talk to clients regularly.  I talk to carriers regularly and have relationships.

. . . .

Q     Ms. Moss, did Mr. Todd tell you about specific people that he had contacted about obtaining their book of business?

A     Yes, he did.

Q     And do you recall who some of those were?

A     Yes, I do.  He contacted - - he told me he contacted and had a conversation with Larry Graham.  Let's see - -

Q     And Larry Graham is whom?

A     He's the C.E.O. of Lake Charles Memorial Hospital.

The trial court found Ms. Moss to be "very credible."  Given the trial court's superior position to surmise Ms. Moss' credibility, and my feeling that Ms. Moss' testimony was not potentially tainted with self-preservation, I feel that this testimony indicates that Todd did violate Section 8 of the agreement.  Therefore, I feel that the trial court was incorrect in failing to find that Gallagher was entitled to an injunction.  The trial court essentially denied the injunction it found no potential irreparable injury to be suffered by Gallagher.  However, it is quite clear that La.R.S. 9:921(H) requires no such finding.  Louisiana Revised Statutes 23:921(H) (emphasis added) states:

Any agreement covered by Subsection B, C, E, F, G, J, K, or L of this Section shall be considered an obligation not to do, and failure to perform may entitle the obligee to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor's failure to perform, *and without the necessity of proving irreparable injury, a court of competent jurisdiction shall*

*order injunctive relief enforcing the terms of the agreement.* Any agreement covered by Subsection J, K, or L of this Section shall be null and void if it is determined that members of the agreement were engaged in ultra vires acts. Nothing in Subsection J, K, or L of this Section shall prohibit the transfer, sale, or purchase of stock or interest in publicly traded entities.

Further, because I view the evidence as stated, I feel the trial court erred in failing to return the $1,000.00 bond to Gallagher and was also incorrect in assessing costs of the proceedings to Gallagher.